Earl J. Walker, of Chicago, Ill., for plaintiff.

B. S. Quigley, of Chicago, Ill., for defendant.

**Ex parte MOORE.**
No. 949.

District Court, D. Oregon.

Feb. 2, 1942.

Manley B. Strayer, of Portland, Or., for petitioner Harold A. Moore.

C. Laird McKenna, Asst. U. S. Atty., of Portland, Or., for E. F. Tandy, Manager of the United States Veterans' Hospital, Roseburg. Or.

JAMES ALGER FEE, District Judge.

Harold A. Moore has written a letter, addressed personally to the judges of this court, requesting that the processes of this court be available to release him from custody of the officers of the United States Veterans' Hospital at Roseburg, Oregon. At the direction of the court, this letter was treated as a petition for a writ of habeas corpus and filed as such. Manley Strayer, a prominent member of the bar and a former Assistant United States Attorney, was directed to undertake the protection of the interests of Moore in this court. An order to show cause was issued and E. F. Tandy, Manager of the United States Veterans' Hospital at Roseburg, Oregon, appeared and answered.

The petitioner alleges that he is held in custody and is not permitted to communicate with attorneys or friends; that he is sane and is rated as competent at the hospital; that he was committed by the Circuit Court of the State of Oregon for Multnomah County, Probate Department, after a hearing at which he was not represented by counsel.

The answer sets up the validity of the proceedings in the state court and that a valid order of commitment issued, pursuant to which Moore is held, and that no appeal or other proceedings have been taken by petitioner in the state court.

Thus, Tandy, although a federal employee, justifies the confinement of Moore on the ground that he is justified because of a valid commitment issued by a state court of competent jurisdiction. [1]

Moore was ably represented, but no reason has been suggested why this plea is not good.

The adjudication and care of persons believed insane is traditionally and legally a matter of state concern. It is true there might be cases so flagrantly in violation of fundamental guarantees that the federal courts might be required to intervene. But the order of commitment was issued by a court which had jurisdiction of the subject matter and of the person. At least, all remedies should be pursued in the state tribunals. If the matters now before the court had been presented to the state courts and a ruling been had adversely therein, then this court might be justified in action. [2]

The court finds no ground for issuance of the writ solely because the Manager of the United States Veterans' Hospital is a federal employee, and the hospital a federal institution. The justification is in the valid process of the state court. The writ of habeas corpus will not presently issue.

Petitioner has counsel appointed by this court and his rights, if any, will unquestionably be properly safeguarded.

The writ is denied.

[1] § 104-607, Oregon Compiled Laws Annotated; Chapter 397, Oregon Laws 1941, amending § 127-206 Oregon Compiled Laws Annotated.

[2] See the comprehensive and able opinion of Judge Paul in Hall v. Verdel, D. C., 40 F.Supp. 941, dealing with an exactly similar situation.