**In re ROSS.**

**Civ. No. 1428.**

District Court, D. Oregon.

Dec. 16, 1942.

Don Newbury, of Medford, Or., for petitioner.

Carl C. Donaugh, U. S. Atty., of Portland, Or., for United States Veterans' Hospital at Roseburg, Or. (George M. Melvin, Manager and W. E. Futrelle, Chief Medical Officer).

JAMES ALGER FEE, District Judge.

This petition for a writ of habeas corpus is in the form of a letter to the judges [1] of this court.

From the petition and the answer of George M. Melvin, Manager, and W. E. Futrelle, Chief Medical Officer of the United States Veterans' Hospital at Roseburg, Oregon, it appears that petitioner is confined in the institution pursuant to commitment to the care of the United States Veterans' Administration, issued after consideration by a judge of the Superior Court of Arizona, pursuant to a statute of that jurisdiction [2] upon the ground of his insanity. Pursuant to appropriate order of the Veterans' Administration, petitioner was brought to the Roseburg facility.

It was early held that a federal judge or court could issue a writ of habeas corpus to inquire into the custody of one confined in a state institution for the care of the insane where the grounds were diversity of citizenship. [3]

This court has already determined that habeas corpus will not be issued to inquire into the custody of a person regularly committed by the state court of Oregon as insane under the statutes of that jurisdiction, [4] where there was no show-

---

[1] A distinction is made between the District Judges and the District Court. Chow Loy v. United States, 1 Cir., 112 F. 354.

[2] The answer alleges this action was taken pursuant to Chapter 36, Session Laws 1929, of the State of Arizona, but the proceedings are not set up so that the court may judge of the regularity thereof.

[3] King v. McLean Asylum of the Massachusetts General Hosptial, 1 Cir., 64 F. 331, 26 L.R.A. 784.

[4] Ex parte Moore, D.C.Or., 43 F.Supp. 886.

ing that attempts had been made to set aside the finding there. The basis of this determination was the rule that a federal court should not interfere with the custody of one held under commitment by process of a state court except under exceptional circumstances, especially where other remedies are available.

■ Here there is a peculiar situation, because the state court which committed the petitioner is not available in the same geographical area for further proceedings. The federal court of this District is not bound to follow Arizona law, but is bound to follow Oregon law. However, this court is bound as are other courts sitting in Oregon to give full faith and credit to the judgment of the Arizona court.

There is no showing that there has been any attempt to have the judgment of the Arizona court appealed or re-opened or set aside.

■ There is a wide distinction between this type of case and the more familiar situation, where a person committed as insane by the state courts of a particular state but under statutory arrangement placed in care of the officers of the United States Veterans' Administration is held in custody by the latter in the same jurisdiction. In these last-mentioned cases a federal court with proper forbearance will refuse to intervene, because the federal officers are really acting for the particular state in maintaining custody and because remedies of appeal, habeas corpus and the like, are available in the courts of the state itself.[5]

■ But in this situation the facts are entirely different and this rule has no validity. The process of the State of Arizona does not run beyond its borders. There the authority of its courts fails also. The agents of that state have no inherent authority to hold a person in custody in Oregon. The custodians of petitioner here are acting either by authority of the United States or they have no authority. The tribunals of the federal government are empowered by paramount authority to issue writs of habeas corpus for persons held in custody by its own officers. The state courts of Oregon would properly hesitate before issuing a peremptory writ

under these circumstances. This new problem caused by the tremendous expansion of federal agencies and facilities requires a novel approach.

It is probable, also, diversity exists on the ground of citizenship, although this does not clearly appear from the letter.

The petitioner is not represented by counsel. He alleges he is not now insane. He further sets up that his commitment was obtained by fraud and that his release is held up only pending an attempt of his wife to obtain a divorce in California.

In view of the fact that the petitioner is held in this district under the authority of an administrative office of the United States and by federal officers and there is apparently no other way of testing the legality of custody, the writ will issue.[6] The court should at least hear the facts.[7]

[5] Hall v. Verdel, D.C., 40 F.Supp. 941.
[6] See Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

[7] Compare Ex parte Rosier, App.D.C., September 2, 1942, 133 F.2d 316.