**SMITH v. ISRAEL et al.**
**Civ. No. 10786.**

United States District Court,
W. D. Pennsylvania.

Feb. 25, 1953.

426

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Henry S. Moore, Deputy Atty. Gen., for R. H. Israel.

T. P. Shearer, Pittsburgh, Pa., for William Sykes and Beatrice H. Smith.

STEWART, District Judge.

Petitioner is confined in the Warren State Hospital pursuant to the provisions of Section 302 of the Mental Health Act of Pennsylvania, Act of July 11, 1923, P.L. 998, 50 P.S. § 42, and now seeks his release on habeas corpus alleging that the confinement is in violation of his constitutional rights in that he was deprived of his liberty without due process.

Upon receipt of the petition and in accordance with the provisions of Section 2243 of Title 28 of the United States Code, we forthwith issued an order directing the respondents to show cause why the writ should not be granted. A return date was fixed at which time argument was heard on behalf of all parties and the answers of the defendants received and filed. We must now determine whether the writ should issue.

■ We find it unnecessary to consider the merits of the case since the petitioner has not exhausted the remedies afforded him by the law of Pennsylvania. For this reason alone, this is a case in which we should not assume jurisdiction in the absence of exceptional circumstances. In re Ryan, D.C.E.D.Pa.1942, 47 F.Supp. 10. The petition alleges and counsel argues that conditions exist in Jefferson County, petitioner's domicile, which prevent him from obtaining a fair hearing in the Court of Common Pleas of that County on a petition seeking his release. Assuming this to be true, and there is no proof that it is, the exceptional circumstances justifying federal interference do not exist. Counsel does not allege that similar conditions exist in Warren County where the institution in which petitioner is confined is located, and where under Section 1 of the Act of May 25, 1951, P.L. 415, 12 P.S. § 1901, the Judge of the Court of Common Pleas has jurisdiction to entertain petitioner's application for a writ of habeas corpus.

■ A similar case was presented to the Circuit Court of Appeals for the Ninth Circuit, In re Huse, 1897, 79 F. 305, and the Court's reasoning in that case is equally pertinent here. Judge Hawley, speaking for the Court, states, 79 F. at page 306:

"It is within the province of the state legislature to determine the method of procedure that should be followed in procuring the confinement of persons who have become insane to such an extent as to render them dangerous to the community, or to themselves, to be at large. If the steps provided for by the statute of the state have not been followed, the redress of persons who have been improperly confined without

warrant or authority of law is by application to the courts of the state. The federal courts ought not, except in extreme cases, if at all, be called upon to interfere. * * * It was never intended by congress that the courts of the United States should, by writs of habeas corpus, obstruct the ordinary administration of the criminal laws, or laws relating to the confinement of insane persons, through its own tribunals."

We will, therefore, deny the petition for a writ of habeas corpus.