**Samuel A. MURRAY**
v.
**Bruno RADAUSKAS, M.D., Superintendent, Spring Grove State Hospital.**
**Civ. No. 15577.**

United States District Court
D. Maryland.
May 19, 1964.

562

Samuel A. Murray, in pro. per.

NORTHROP, District Judge.

Petitioner, presently confined in the Spring Grove State Hospital, Baltimore, Maryland, seeks a writ of habeas corpus. He was charged with killing his stepson in November of 1961, and in the spring of 1962 was sent by Judge Carter of the Criminal Court of Baltimore City to the Clifton T. Perkins Hospital for evaluation. Apparently, he returned to court to stand trial, and subsequently was declared not guilty by reason of insanity, and in December of 1962 was returned to the Perkins Hospital. On January 14, 1964, petitioner was transferred from the Perkins Hospital to Spring Grove Hospital.

Petitioner petitioned the Baltimore City Court for discharge. The petition was treated by that court as a writ of habeas corpus. A hearing was held on April 16, 1964, before Judge Harlan and the petitioner was found insane and remanded to the custody of the Spring Grove State Hospital. See Baltimore City Court File No. 4 061663.

Petitioner now seeks relief from this court. He claims that his confinement constitutes a deprivation of his rights without due process of law. He seeks alternatively, it seems, to be discharged or to be relieved of the maximum security supervision he claims he is subjected to.

In cases involving petitions to the federal courts for writs of habeas corpus by persons confined to state mental hospitals, it has been held that the adjudication and care of persons believed insane are traditionally and legally matters of state concern. In re Huse, 79 F. 305 (9 Cir. 1897); Williams v. Shovlin, 207 F.Supp. 634 (M.D.Pa.1962); Miller v. Director, Middletown State Hospital, 146 F.Supp. 674 (S.D.N.Y.), aff'd 243 F.2d 527 (1957); Smith v. Israel et al., 110 F.Supp. 425 (W.D.Pa.1953); Ex parte Moore, 43 F.Supp. 886 (D.C.Or. 1942); Hall v. Verdel, et al., 40 F.Supp. 941 (D.C.W.D.Va.1941); United States ex rel. Grove v. Jackson, 16 F.Supp. 126 (D.C.M.D.Pa.1936). Only in extreme and well defined cases should the federal courts assume jurisdiction in such a case. In re Ryan, 47 F.Supp. 10 (E.D.Pa. 1942).

In this case there has been no charge against the constitutionality of the Maryland statutory procedures for determining competency, nor has there been any allegation that the sanity hearing held by Judge Harlan in any way deprived petitioner of a constitutional right. The bare allegation that petitioner is being deprived of due process of law by the fact and manner of his confinement is not, without substantiating facts, sufficient to raise a federal question which would justify this court taking jurisdiction and issuing a writ of habeas corpus. Williams v. Shovlin, supra. To hold otherwise, absent a clear federal basis for action, would require this court to sit as an appellate court in matters solely within the province of state determination.

It is, therefore, this nineteenth day of May, 1964, Ordered:

1. That the instant petition for a writ of habeas corpus be, and the same hereby is, denied;

2. That leave to file said petition in forma pauperis is granted; and

3. That the clerk mail a copy of this memorandum and order to the petitioner.