354 F.2d 635
 UNITED STATES of America ex rel. Robert G. ANTCZAK, Relator-Appellant,
v.
SUPERINTENDENT, DOWNEY VETERANS ADMINISTRATION HOSPITAL, NORTH CHICAGO, ILLINOIS, Respondent-Appellee.
 No. 15255.
 United States Court of Appeals Seventh Circuit.
 December 29, 1965.
 
 John E. Juergensmeyer, John F. McGuinn, Elgin, Ill., for appellant.
 Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Richard A. Makarski, Asst. U. S. Attys., Chicago, Ill., for appellee.
 Before HASTINGS, Chief Judge, and SWYGERT and MAJOR, Circuit Judges.
 MAJOR, Circuit Judge.
 
 
 1
 This action was instituted in the District Court by Robert G. Antczak, relator, by petition which sought the issuance of a Writ of Habeas Corpus directed at respondent, Superintendent of Downey Veterans Administration Hospital, located at North Chicago, Illinois. On respondent's motion the Court refused issuance of the Writ and, on May 19, 1965, entered its order of dismissal. From this order relator appeals.
 
 
 2
 A brief statement of the facts will suffice. On November 20, 1964, the Circuit Court of Kane County, Illinois, entered an order predicated upon a jury verdict that relator be committed to the State of Illinois Department of Mental Health, Elgin State Hospital, as a person in need of mental treatment. As a United States military veteran, custody of the relator was subsequently transferred to respondent. From that institution relator by the instant proceeding sought his discharge.
 
 
 3
 Respondent contends that the District Court was without jurisdiction for failure on the part of relator to show an exhaustion of remedies provided by the State of Illinois, and that the order appealed from should be affirmed for that reason. That such a showing is essential is not open to doubt. See Title 28 U.S.C.A. Sec. 2254. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761; Hughes v. Heinze, 9 Cir., 268 F.2d 864, 866; Gay et al. v. Graham, 10 Cir., 269 F. 2d 482, 485, and Application of Dandridge, D.C., 186 F.Supp. 276, 277.
 
 
 4
 Relator on brief recognizes the exhaustion of State remedies rule, but seeks to avoid its application here with the statement, "In the present case, clearly the State Courts, although originally committing the Relator, would not entertain a Habeas Corpus Petition for a patient held by Federal authorities in a Federal hospital." We think this is a fallacious contention in view of the Illinois law next discussed.
 
 
 5
 That the State provides ample procedures for relator to secure judicial determination of his sanity after commitment is not open to doubt. Illinois Revised Statutes 1963, Chap. 91½, Secs. 10-1 through 10-15. Section 10-1 provides in substance that any person who has been admitted to a hospital as in need of mental treatment, or who has been ordered to and remains in the care and custody of some other person or some hospital, may file in the court of the county in which he is hospitalized or otherwise located, or the court of the county from which he was originally hospitalized, a petition setting forth the name of the patient, together with the circumstances surrounding his commitment. Section 10-3 provides for a hearing on such petition. Section 10-5 authorizes the court to determine whether such person is longer in need of care, detention and training for his mental condition and, if not, to enter an order restoring such patient to legal competence. Section 10-13 provides, "Nothing in this Act contained shall be construed to deprive any person of the benefit of the Writ of Habeas Corpus." Section 10-15 authorizes the court issuing the Writ to determine whether the patient is in need of further mental treatment and authorizes it to enter an order discharging such person and to transmit a certified copy of such order to the court entering the original order of commitment.
 
 
 6
 Sections 11-1 through 11-6 of the Illinois Revised Statutes have to do with the authority of a State Court to commit a person in need of mental treatment, when eligible, to the Veterans Administration, as evidently was done in the instant situation. Section 11-3 provides, "Jurisdiction is retained in the appropriate courts of this State at any time to determine the necessity for continuance of detention as provided in Article X of this Act." Section 11-4 provides, "* * * the committing court shall be deemed to have retained jurisdiction of the person so hospitalized for the purpose of inquiring into the mental condition of such person, and of determining the necessity for continuance of his detention."
 
 
 7
 Thus, it appears plain that the Illinois law confers upon the committing court a continuing authority and jurisdiction to determine if the condition of the committed person is such as to entitle him to a restoration of his legal competence. More than that, the right to test the legality of his commitment by way of habeas corpus in any appropriate State Court is expressly reserved. This jurisdiction and authority reserved to the State Court is by the express terms of the statute applicable to a patient committed to the custody of the Veterans Administration. In this connection it is pertinent to note that relator is not held in the custody of respondent by reason of an order of any Federal agency or Court but by the order of commitment issued by a State Court. Under such circumstances, it would seem that respondent has custody of relator as the agent of the State and not of the Federal government.
 
 
 8
 The case law is sparse on the right to test the legality of the commitment of a person adjudicated incompetent by a State Court, whose custody is committed or subsequently transferred to the Veterans Administration. In Hall v. Verdel et al., D.C., 40 F.Supp. 941, petitioner sought a Writ of Habeas Corpus in the Federal Court to obtain his discharge from the custody of the Veterans Administration, which was denied. In that case, as here, petitioner was in custody of the Veterans Administration by reason of his commitment by a State Court which had found him to be insane. The Court in effect held that his status by reason of his commitment to a Federal facility was no different than if he had been committed to a State institution and that any remedy provided by the State must be exhausted as a prerequisite to the right to invoke the jurisdiction of the Federal Court. This same reasoning was employed in Ex parte Moore, D.C., 43 F.Supp. 886, 887, and recognized in In re Ross, 48 F.Supp. 815.
 
 
 9
 In conclusion, we note that during oral argument we were advised that relator pending this appeal escaped from Downey Veterans Administration Hospital, and presumably is now held in a veterans' hospital in the State of Mississippi. While we decide the issue before us on the record made in the District Court, it is not discernible how this alleged development, even if considered, would be of any aid to relator insofar as it relates to the jurisdiction of the District Court.
 
 The order appealed from is
 
 10
 Affirmed.