**James LEE, Petitioner,**

v.

**Dr. J. W. GILES, Director, Veterans Administration Hospital, Tuskegee, Alabama, Respondent.**

**Civ. A. No. 736–E.**

United States District Court
M. D. Alabama, E. D.

Aug. 4, 1967.

J. L. Chestnut, Jr., Selma, Ala., for petitioner.

No appearance for respondent.

## ORDER

JOHNSON, Chief Judge.

James Lee, a patient in the Veterans Administration Hospital in Tuskegee, Macon County, Alabama, committed to that hospital pursuant to Title 21, § 175, Code of Alabama, Recompiled 1958, by order dated July 18, 1967, by the probate judge of Dallas County, Alabama, now presents to this Court his application for the writ of habeas corpus.

From the application for the writ, it appears that petitioner was, prior to and on the date of his commitment to said Veterans Administration Hospital, an inhabitant of Dallas County, Alabama, that he is a veteran and is eligible for treatment in a Veterans Administration facility. The statute under which the petitioner was committed by the probate judge of Dallas County, Alabama, codified in Title 21, § 175 of the Code of Alabama, authorizes probate judges to commit veterans to available United States veterans' hopitals where facilities are available. This section further provides that when such veteran is committed he shall be subject to the rules

and regulations of such hospital and that the officials of such hospital shall be vested with the same powers now exercised by superintendents of Alabama hospitals for mental diseases with reference to the retention of custody of the veteran so committed. This Alabama statute further provides that notice of such proceedings shall be furnished the person so committed and his right to appear and defend shall not be denied.

Petitioner asks this Court to issue a writ of habeas corpus directing the director of the Veterans Administration Hospital at Tuskegee, Alabama, to produce him before this Court to the end that an inquiry may be conducted into the legality of petitioner's detention and, further, that petitioner be ordered discharged. The basis for petitioner's request that he be discharged is that the Alabama statute under which he was committed, and which is referred to above, is unconstitutional on its face and, furthermore, was unconstitutionally applied when petitioner was committed to the facility in question. Petitioner further contends that the statute does not contain proper standards and that notice was not given to the petitioner that a proceeding was pending against him in the probate court of Dallas County, Alabama. By reason of these contentions, petitioner concludes that his commitment and his present incarceration violate the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

From the application for the writ, it appears that petitioner seeks to prosecute his case in this court on the theory that jurisdiction of his case is vested in the United States District Court wherein Macon County is situated, for the reason that the petitioner is confined in a hospital owned and maintained by the United States Government. Furthermore, petitioner is evidently proceeding upon the theory that jurisdiction is in this court for the reason that he contends his federally-guaranteed constitutional rights have been and are being violated by reason of his alleged illegal commitment and incarceration.

It affirmatively appears that petitioner has not resorted to the courts of the State of Alabama in an effort to obtain relief. Generally, an application for a writ of habeas corpus by or in behalf of a person in custody pursuant to the judgment of a state court shall not be granted by a court of the United States unless it appears that the applicant has exhausted the remedies available in the courts of the state. Title 28, § 2254, United States Code. There is no contention on the part of the petitioner that there are no remedies available to him in the courts of the State of Alabama. Indeed, it would be impossible to make such a showing, since Alabama specifically provides by statute, Title 15, § 3, Code of Alabama, Recompiled 1958, that any person confined as insane may prosecute a writ of habeas corpus in the appropriate state courts.

The question is presented, therefore, as to whether an individual committed to a facility of the United States pursuant to a judgment of a state court may, without attempting to avail himself of state habeas corpus remedies, proceed on his application for the writ of habeas corpus in the United States district courts. In a case factually similar to the case now presented, the Court in Hall v. Verdel, et al., W.D.Va.1941, 40 F.Supp. 941, in a well-reasoned opinion, declined jurisdiction and dismissed the petition. In that case, the Court stated:

"The federal courts are not eager or quick to interfere with state proceedings. The disposition and care of insane persons is peculiarly one within the function of the state, to be determined by the state in due regard to the safety of the public and to the sympathetic and humane treatment of its own unfortunate citizens. This court should not, merely because it may have the power to do so, interfere with the disposition which the state has considerately determined as necessary or wise in the care of its

insane. While federal courts cannot discard or refuse to assume the responsibility that rests on them for the protection of rights guaranteed by the Federal Constitution in cases where these rights cannot otherwise be protected, every consideration of comity and propriety demands that in cases of this sort recourse should first be had to the state courts whose equal duty it is to furnish that protection and which have a primary concern with the subject matter of this petition."

Another district court, in Smith v. Israel, et al., W.D.Pa., 1953, 110 F.Supp. 425, upon the basis of a Ninth Circuit Court of Appeals case, In re Huse, 79 F. 305, reached a similar conclusion. The Court quoted from the Court of Appeals case as follows:

> " 'It is within the province of the state legislature to determine the method of procedure that should be followed in procuring the confinement of persons who have become insane to such an extent as to render them dangerous to the community, or to themselves, to be at large. If the steps provided for by the statute of the state have not been followed, the redress of persons who have been improperly confined without warrant or authority of law is by application to the courts of the state. The federal courts ought not, except in extreme cases, if at all, be called upon to interfere. * * * It was never intended by congress that the courts of the United States should, by writs of habeas corpus, construct the ordinary administration of the criminal laws, or laws relating to the confinement of insane persons, through its own tribunals.' "

Battista v. Kenton, 2d Cir., 1963, 312 F.2d 167, reached the same conclusion. That Court observed:

> "It may not be amiss to add that, even if we were to assume *arguendo,* that, due to some flaw in the joint statutory scheme, Battista is illegally in federal custody, a holding to this effect would not result in his release, but only in his return to Alaska State custody. In re Bonner, 1894, 151 U.S. 242, 259–260, 14 S.Ct. 323, 38 L.Ed. 149."

In a Seventh Circuit case decided in 1965, United States ex rel. Antczak v. Superintendent, Downey Veterans Administration Hospital, North Chicago, Illinois, 354 F.2d 635, it was reasoned that since the State of Illinois provided ample procedures for petitioner to secure judicial determination of his sanity after commitment and, further, that since Illinois provided the right to test the legality of his commitment by way of habeas corpus, the proper route for testing the legality of commitment was through an appropriate application for the writ of habeas corpus in the courts of the committing state.

Here, petitioner James Lee is committed by virtue of an order entered by a court of the State of Alabama. He has state remedies available for the purpose of testing the legality of his commitment. He is not being held in custody by the Veterans Administration Hospital at Tuskegee, Macon County, Alabama, pursuant to any order of any federal agency or court. Under such circumstances, the Veterans Administration Hospital at Tuskegee, Alabama, holds James Lee as an agent for the State of Alabama and not as an agent of the federal government. Lee's status by reason of his commitment to this federal facility is no different than if he had been committed to a state institution. For this reason, the remedies provided Lee by the State of Alabama must be exhausted as a prerequisite to the right to invoke the jurisdiction of this court.

Lee's theory that jurisdiction is in this court for the reason that his federally-guaranteed constitutional rights have been and are being violated is equally without merit. As the Court observed in Hall v. Verdel, supra, and as has been observed by the Supreme Court of the United States upon many occasions, the

courts of the several states have a duty to furnish judicial protection of all rights guaranteed by the Constitution of the United States. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899); White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, rehearing denied 326 U.S. 807, 66 S.Ct. 133, 90 L.Ed. 492 (1945); Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948); Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

It is, therefore, the order, judgment and decree of this Court that the application for the writ of habeas corpus filed with the Clerk of this Court on July 31, 1967, by and on behalf of petitioner James Lee, be and the same is hereby denied.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against James Lee and counsel for the petitioner, J. L. Chestnut, Jr., Post Office Box 768, Selma, Alabama, for which execution may issue.