## Havertown Savings and Loan Association v. Commonwealth.

Argued June 2, 1971, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Leonard Levin,* with him *Edward A. Savastio, Savastio, Levin & Sereni,* for petitioner.

*Frederic G. Antoun,* Deputy Attorney General, with him *C. Lawrence Rutstein,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 9, 1971:

This is before us on preliminary objections to a petition for declaratory judgment filed by Havertown Savings and Loan Association against the Department of Banking. The Department properly and correctly contends that the Association is not the real party in interest and has no standing to bring its petition.

In its petition, the Association alleges the following pertinent facts: (1) Joseph G. Hykel, Vice President of the Association, is under indictment in the United States District Court for the Eastern District of Pennsylvania on a charge of falsification of the Association's records; (2) the Department has suspended Joseph G. Hykel as an officer of the Association; (3) the Association under its interpretation of Section 513 of

the Savings and Loan Code, 15 P.S. §5513, has indemnified Joseph G. Hykel as to his salary and legal expenses, subject to the normal refund safeguards provided by that section; and (4) the Department sent the Association a letter advising it to make no further payment to Joseph G. Hykel insomuch as he is not authorized to receive them under the Department's interpretation of Section 513.

The Association urges in its petition that we interpret the legality of its actions under Section 513. The preliminary objections now before us challenge the jurisdiction of this or any court to entertain an argument relating to this subject matter when brought by the Association.

Section 513 of the Savings and Loan Code, Act of December 14, 1967, P. L. 746, Art. V, Section 513, 15 P.S. §5513 provides in part: "Any person shall be indemnified or reimbursed by the Association for reasonable expenses, . . . actually incurred by him in connection with any action, suit or proceeding, instituted or threatened, judicial or administrative, civil or criminal, to which he is made a party by reason of his being or having been a director, officer, attorney or employee of an association: Provided, however, that no person shall be so indemnified or reimbursed, . . . in relation to such action, suit or proceeding in which and to the extent that he finally shall be adjudicated to have been guilty of a breach of good faith, . . .".

It is clear that the Association and the Department differ on their interpretation of the applicability of Section 513 to the alleged facts. This alone, however, does not create a sufficient controversy so as to enable plaintiff to invoke the Uniform Declaratory Judgments Act, 12 P.S. §831 et seq. The practical effect of permitting such an action would be detrimental to the long established administrative, quasi-judicial system

of the Commonwealth. If this Court were to enter into this situation at this point we would open up an avenue by which prospective parties to agency actions could by-pass that agency and proceed directly to the judicial branch. Such a situation would overburden the courts and deprive the judiciary of the expertise which the administrative agencies admittedly command. Additionally, by taking action at this time, the Court would also usurp the discretionary power of the Department to shape the course of this dispute.

The Department of Banking has not as yet decided to pursue the position related in its letter to the Association. Therefore, any opinion rendered by this Court in this matter would be merely advisory in nature. The Declaratory Judgment Act must not be employed to render advisory opinions. *Lakeland Joint School District Authority v. School District of Scott Township,* 414 Pa. 451, 200 A. 2d 748 (1964); *City of Philadelphia v. Philadelphia Transportation Co.,* 404 Pa. 272, 171 A. 2d 768 (1961). "Also an action for declaratory judgment is not an optional substitute for established, available and appropriate remedies and should not be entertained if another available and appropriate remedy exists. Greenberg v. Blumberg, 416 Pa. 226, 206 A. 2d 16 (1965); Lakeland Joint School District Authority, [supra]." *Bierkamp v. Rubinstein,* 432 Pa. 89, 94, 246 A. 2d 654 (1968). Plaintiff must utilize the administrative channels in seeking a solution to his possible controversy.

### ORDER

AND Now, this 9th day of September, 1971, the preliminary objections of the Department of Banking are sustained; the petition of Havertown Savings and Loan Association requesting declaratory judgment is dismissed.