## Gleason *v.* Shapp, et al.

Argued May 3, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*William A. Kramer, 2nd,* with him *Edward C. Hussie,* for plaintiff.

*Michael Louik,* Assistant Attorney General, with him *Thomas B. Holloran,* Assistant Attorney General, *Edward Weintraub,* Deputy Attorney General, and *Lawrence T. Hoyle, Jr.,* Deputy Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, June 1, 1972:

Plaintiff filed a Complaint in Equity, praying:

(1) That the defendants be enjoined from using State-owned sound equipment, speakers' platform, and parking facilities "against the judicial branch of any government now or at any time in the future";

(2) That the defendants be ordered to account to the plaintiff for the costs incurred, etc., in granting permission for the use of the equipment;

(3) That the defendants be ordered to pay the amount shown by the account to the State Treasurer.

Defendants filed Preliminary Objections, *inter alia,* in the nature of a demurrer. The demurrer must be sustained, making it unnecessary to pass upon the other preliminary objections.

This action, as set forth in the complaint, grows out of the defendants' supplying the sound equipment, speakers' platform, and parking facilities "to certain individuals" without a charge, for the purpose of conducting a public demonstration "in support of certain individuals presently under indictment by the United States government." The complaint alleges: "That the

Defendants have violated all known principles of government by permitting the use of the resources of the executive branch of government of the Commonwealth of Pennsylvania against the judicial branch of United States government and caused irreparable harm to the orderly processes of government generally and the taxpayers of the Commonwealth of Pennsylvania specifically." There is no allegation in the complaint that the defendants have violated any law, constitutional, statutory, or otherwise, of the Commonwealth of Pennsylvania, or of the United States government. Further, there is no allegation that in granting permission to use the equipment and parking facilities the defendants have acted in bad faith. Plaintiff has not cited any cases, and the Court has not found a case, that would define what "all known principles of government" are, much less how defendants' conduct violated these illusory standards.

With refreshing candor, at the conclusion of the brief in support of the complaint, the attorneys for the plaintiff assert: "This is the type of situation where a lawyer is truly frustrated. You explain to someone what has happened, and they become incensed. Then you research the problem, and you find that there is no law specifically stating it can't be done, but you also find there is no law which specifically states it can be done." If the Court shared the opinion of the plaintiff that his rights had somehow been violated, it would most certainly share his attorney's frustration in being unable to find any basis in statutory law or precedent to grant relief based on the allegations of this complaint.

The plaintiff's suit is in equity, asking extraordinary remedies against defendants who hold high elective and appointive positions and are charged under Article IV, Section 1, of the Pennsylvania Constitution, and

Section 701 and Section 904 of the Administrative Code, Act of April 9, 1929, P. L. 177, 71 P.S. §§241 and 294, with the supreme executive power of the government and authority to take such steps and adopt such means as may be reasonable and necessary to enforce the laws of the Commonwealth. Recently, Justice ROBERTS, in affirming the decision of the lower court that had sustained a demurrer to a complaint of citizens who, as Justice ROBERTS put it, "with some support for their position," were outraged by action of the defendant School Board, ably set forth the law and reviewed the cases applicable here:

"In order for a court of equity to grant relief, it must clearly be shown that the School Board acted outside the scope of its statutory authority or not in good faith.

. . . .

"The burden of showing such a clear abuse of discretion is a heavy one. . . . Even assuming, as we must, that all well-pleaded allegations of fact (but not conclusions of law) in the complaint are admitted by defendants' preliminary objections, . . . plaintiffs have failed to allege facts sufficient to justify the intervention of equity into this controversy." *Landerman v. Churchill Area School District,* 414 Pa. 530, 534, 200 A. 2d 867, 869 (1964)
Such is the case here.

The preliminary objection in the nature of a demurrer is sustained and the complaint dismissed.