Commonwealth of Pennsylvania ex rel: Clarence V. Saunders, Plaintiff, *v.* J. Shane Creamer, Attorney General, Commonwealth of Pennsylvania, Robert L. Johnson, Superintendent, State Correctional Institution, Walter T. Smith, Deputy Superintendent, and Thomas Stachelek, Correctional Counsel, Defendants.

Argued October 1, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael D. Fioretti,* for plaintiff.

*J. Andrew Smyser,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE BLATT, November 28, 1973:

This case is before us on preliminary objections to the complaint of the plaintiff Clarence V. Saunders (Saunders), an inmate resident at the State Correctional Institution at Graterford. The defendants include the Attorney General (then in office), and sev-

eral employees of the Bureau of Correction namely the Superintendent, Deputy Superintendent, and a Counselor. Saunders has alleged that the defendants conspired together and individually acted to deprive him of his rights to rehabilitative treatment, thereby violating the Equal Protection Clause of the United States Constitution.

In reviewing preliminary objections, raised here by way of a demurrer and alternately by a motion for a more specific pleading, we must follow the well established rule that preliminary objections admit as true all facts which are well and clearly pleaded, even though not admitting the pleader's conclusions or averments of law. *Williams v. Board of Probation and Parole,* 2 Pa. Commonwealth Ct. 312 (1971). Furthermore, since the plaintiff is a prisoner who has proceeded *pro se,* we recognize that he should be held to less stringent standards than those applied to the formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Although we have afforded to the plaintiff a more lenient standard, we find that his motion for judgment on the pleadings must be denied and that the preliminary objections of the defendants must be sustained.

The well-pleaded factual averments disclose that Saunders had an excellent conduct record at the prison but was denied entrance into the Community Treatment Program upon his first application; his further applications were ignored while 81 other residents with less seniority were admitted to the program. On several occasions his requests for furlough were refused. Thereafter, he was denied a hearing by the office of the Attorney General on his "complaint" concerning the discriminatory administration of the Community Treatment and Furlough programs.

The plaintiff's prayer for relief includes claims for actual damages, punitive damages, a request for de-

claratory judgment and a request for a preliminary injunction staying the denial of admittance to the pre-release programs. His requested relief is stated to be pursuant to provisions of the Civil Rights Act, 42 U.S.C. §§1983 and 1985(2)(3), and the complaint is so framed under these sections.[1] Some courts have ruled that the jurisdiction of 1983 and 1985 actions technically belongs in the Federal district court.[2] They assert that a reason the legislation was passed was to afford a federal remedy *in federal courts* for the protection of federal rights. *Monroe v. Pape*, 365 U.S. 167, 180, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961); *Birnbaum v. Trussell*, 371 F. 2d 672, 676 (2d Cir. 1966). Without deciding this issue, however, we recognize the concurrent jurisdiction and duty of state courts to protect the rights guaranteed under the Federal Constitution.[3] In this

---

[1] Section 1983 gives a cause of action to any person who, under color of State law, is made to suffer a deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States. Section 1985 gives a cause of action to any person who has been the victim of a conspiracy by two or more persons to deprive him of equal protection or privileges and immunities under the law. Many actions have been brought in the federal courts under Section 1983 attacking the operation of prisons and the conduct of prison officials. They have met with limited success except where properly framed allegations show deprivations that went beyond matters exclusively of prison discipline and administration. *Tilden v. Pate*, 390 F. 2d 614 (7th Cir. 1968); *Weaver v. Pate*, 390 F. 2d 145 (7th Cir. 1968); *Smartt v. Avery*, 370 F. 2d 788 (6th Cir. 1967). Note, *Prisoners Rights Under Section 1983*, 57 Geo. L.J. 1270 (1969).

[2] *Chamberlain v. Brown*, 223 Tenn. 25, 442 S.W. 2d 248 (1969); *Hirych v. State*, 376 Mich. 384, 136 N.W. 2d 910 (1965); *Lakewood Homes, Inc. v. Board of Adjustment*, 258 N.E. 2d 470 (Ohio 1970).

[3] *Chas. Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519 (1962); *United States ex rel. Hill v. Johnston*, 321 F. Supp. 818 (S.D. N.Y. 1971); *Lee v. Giles*, 271 F. Supp. 785 (M.D. Ala. 1967); *Grove Press, Inc. v. Bailey*, 318 F. Supp. 244 (N.D. Ala. 1970).

prisoner's complaint, therefore, we have looked to the essence rather than the form to determine if any cause of action has been properly pleaded which could be remedied by this court.

The procedures for screening, selecting and referring inmates to Community Treatment Centers and for Temporary Home Furloughs were required to be established by the Bureau of Correction pursuant to the Act of July 16, 1968, P. L. 351, as amended, 61. P.S. §1053. "The Bureau of Correction shall establish rules and regulations for granting and administering release plans and shall determine those inmates who may participate in any plan." The very detailed instructions which have been provided do not merely require the applying inmate to be a well-behaved resident, the only qualification alleged by the plaintiff, but entail a professional evaluation by the resident's counselor and by the Director of Treatment. They emphasize that the programs are to be utilized as a diagnostic-treatment tool in an individualized program, thus requiring skilled discretion in selecting appropriate participants. 1 Pa. B. 1661 (1971), Administrative Directive No. 5 and 5A (recently superseded by 37 Pa. Code §95.111 et seq.). It is obvious that the choice of candidates is not regulated by a constant formula, but takes into consideration the variables of psychological investigation obtained from individual analysis.

Release being a matter of skilled administrative discretion, therefore, we may not interfere unless a clear abuse is demonstrated by a showing that the plaintiff was denied a clear right due to him. This clear right has not been shown. As has been said in regard to another somewhat analogous prison program, "parole is a matter of grace, and not right, . . . a prisoner has a right to apply for a parole." *Banks v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197, 200 (1971).

For this Court to grant equitable relief by injunction, it must be apparent that the defendant's actions were either outside the scope of his authority or enacted in bad faith, neither of which assertions has been factually pleaded here by Saunders. *Gleason v. Shapp,* 5 Pa. Commonwealth Ct. 528 (1972). Furthermore, Saunders does not satisfy the requirements of factually pleading that the right of the plaintiff is clear and that an immediate and irreparable injury would result if the preliminary injunction is not granted. *McMullan v. Wohlgemuth,* 444 Pa. 563, 281 A. 2d 836 (1971).

Saunders has also prayed for judgment of the court declaring that his rights under the United States Constitution and his rights under the "Prisoner's Bill of Rights" have been infringed upon and that his treatment has been discriminatory.[4] Although declaratory judgments are no longer considered to be an "extraordinary" remedy, as stated in *Friestad v. Travelers Indem. Co.,* 452 Pa. 417, 306 A. 2d 295 (1973), the pleadings here do not demonstrate that the plaintiff acquired a legal right as required by the Declaratory Judgments Act; we cannot adjudge, therefore, as the plaintiff requests, that his rights have been denied. Act of June 18, 1923, P. L. 840, as amended, 12 P.S. §836.

For the same reasons, as well as others not necessary to this discussion, we cannot award damages to the plaintiff or grant his demand for a trial by jury on the damages. We, therefore, issue the following

### ORDER

Now, November 28, 1973, the preliminary objections of the defendants are sustained and plaintiff's complaint is dismissed.

---

[4] Apparently this refers to the rights and privileges of inmates, 37 Pa. Code §93.1 et seq.