Philip Gold, Plaintiff, *v.* Department of Public Instruction, Commonwealth of Pennsylvania, Public School Employes' Retirement Board, Defendant.

Argued September 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Saul Doner,* with him *LaCheen, Doner, Lacheen & Gross,* for plaintiff.

*Raymond Kleiman,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendant.

OPINION BY JUDGE KRAMER, November 20, 1974:

This matter was filed within the original jurisdiction of this Court. It was commenced on January 7, 1974 with the filing of a petition for a declaratory judgment by Philip Gold (Gold) as the sole beneficiary of the estate of his deceased wife, Bertha Gold, seeking certain benefits under the Public School Employes' Retirement Code of 1959, Act of June 1, 1959, P. L. 350, *as amended,* 24 P.S. §3101 et seq. The suit was filed against the Department of Public Instruction, Commonwealth

of Pennsylvania Public School Employes' Retirement Board (Board), which, by letter, had apparently resolved not to grant certain benefits requested by Gold.

Bertha Gold was a contributor and member of the Public School Employes' Retirement system by virtue of her employment as a school teacher in the Philadelphia school system, during which she had accumulated 36.7 years of accredited service. In anticipation of her retirement on May 15, 1970, Bertha Gold made application on May 7, 1970, for retirement benefits. In her application she elected the maximum annuity, which entitled her, during her lifetime, to the highest monthly annuity available. In the event of her death prior to receiving, in monthly allowances, the total amount of her accumulated deductions (contributions plus interest), any balance remaining would be payable to her beneficiary, Gold. Bertha Gold died on July 9, 1970.

Based upon the facts that Bertha Gold had not received any indication of an acceptance of her application for retirement by the Board, and her untimely death within 90 days of the date of her application, Gold made a claim for retirement benefits under a different option, alleging that his deceased wife's application had become a nullity. If Gold is entitled to the benefits under the application which his wife filed, he would be entitled to $14,170.78. If he is entitled to benefits under the option he desired, assuming as he alleges that his wife's application became a nullity, then he claims he is entitled to $82,500.00, with interest from July 9, 1970.

After the filing of the petition for declaratory judgment, the Board filed timely preliminary objections in which it asserts that Gold did not avail himself of the exclusive statutory remedy provided and, therefore, this Court is without jurisdiction to entertain this lawsuit seeking a declaratory judgment. Because the facts of the case are not in dispute and the matter for deter-

mination is the preliminary objections, we need not pass on the merits of the case. The issue before is whether, after accepting all of the alleged facts properly pleaded, this Court has jurisdiction over the subject matter as a matter of law.

Section 6 of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, *as amended*, 12 P.S. §836 (Supp. 1974- 1975), sets forth a description of jurisdiction. It reads as follows: "Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to

such relief are present; but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought."

The Supreme Court has recently addressed itself to the question of whether a declaratory judgment is an optional remedy, to be invoked in the court's discretion, even if other remedies exist, or an extraordinary remedy, available to a party only when there is no other recourse. In *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 425, 306 A. 2d 295, 299 (1973), Mr. Chief Justice JONES said: "When the legislature enacted Section 6 of the Act, and its several amendments, we believe it intended the common sense meaning that its language conveys. If a remedy is specially provided by statute, it must be pursued. If, on the other hand, there is another available remedy not statutorily created, whether such remedy is legal or equitable, it is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment would lie."

*See McIlvaine v. Pennsylvania State Police*, 454 Pa. 129, 133, 309 A. 2d 801, 803 (1973) ; *Commonwealth of Pennsylvania ex rel. Saunders v. Creamer*, 11 Pa. Commonwealth Ct. 160, 165, 312 A. 2d 454, 457 (1973).

In *Friestad* the Supreme Court clearly indicated that when a *statutorily created* remedy exists it must be utilized, and it is the exclusive remedy. Since Section 51 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.51(47) (Supp. 1974-1975), specifically provides that the Board shall be subject to the provisions of that statute, then it follows, by virtue of the Administrative Agency Law, that the procedures for seeking and subsequently challenging action by the Board are "specially provided by statute" within the meaning of *Friestad*.

*Havertown Savings and Loan Association v. Commonwealth*, 3 Pa. Commonwealth Ct. 266 (1971), predates *Friestad*, but nonetheless adequately explains the

reasons for requiring that declaratory judgments not be issued when other statutorily created remedies exist. In *Havertown*, with reference to administrative proceedings, Judge CRUMLISH said:

"This alone, however, does not create a sufficient controversy so as to enable plaintiff to invoke the Uniform Declaratory Judgments Act, 12 P.S. §831 et seq. The practical effect of permitting such an action would be detrimental to the long established administrative, quasi-judicial system of the Commonwealth. If this Court were to enter into this situation at this point we would open up an avenue by which prospective parties to agency actions could by-pass that agency and proceed directly to the judicial branch. Such a situation would overburden the courts and deprive the judiciary of the expertise which the administrative agencies admittedly command. Additionally, by taking action at this time, the Court would also usurp the discretionary power of the Department to shape the course of this dispute.

"The Department of Banking has not as yet decided to pursue the position related in its letter to the Association. Therefore, any opinion rendered by this Court in this matter would be merely advisory in nature. The Declaratory Judgment Act must not be employed to render advisory opinions. Lakeland Joint School District Authority v. School District of Scott Township, 414 Pa. 451, 200 A. 2d 748 (1964); City of Philadelphia v. Philadelphia Transportation Co., 404 Pa. 272, 171 A. 2d 768 (1961)." 3 Pa. Commonwealth Ct. at 268-69.

Section 31 of the Administrative Agency Law, 71 P.S. §1710.31, states that no adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. One of the allegations made by Gold in this case is that he filed an "appeal" with the "Policy Committee of the Retirement Board" and that his "appeal"

was denied by one of the four letters he attached to his petition. In his brief, Gold argues that he was not afforded any hearing and that therefore the letter advising him that his "appeal" had been denied is a nullity.[1] It would appear, therefore, that Gold is attempting to use this petition for a declaratory judgment as a means to appeal from what he asserts was an invalid adjudication. We do not have sufficient facts before us to pass upon the question of invalidity and, indeed, it is not our task in ruling upon preliminary objections to make such a determination. In any event, Gold seems to assert that either the alleged adjudication is invalid because not all of the provisions of the Administrative Agency Law were followed or that his appeal was improperly denied on the merits and that, therefore, this Court, through an action for a declaratory judgment, should correct the Board's error. This we cannot do. The well-established and statutorily mandated administrative hearing and appeal process, followed in this Commonwealth, affords an adequate statutory remedy to Gold, and, as noted in our discussion of *Friestad, supra,* its existence precludes our rendering a declaratory judgment.

In summary then, we hold that we do not have jurisdiction over the subject matter in this case because Gold has or had a specific and adequate statutory remedy available to him to determine the merits of his claim for the benefits.

We therefore

### ORDER

AND Now, this 20th day of November, 1974, upon consideration of the pleadings filed, and after argument,

---

[1] We do not have sufficient facts before us on the procedure followed by the Board to enable us to ascertain whether Gold was afforded any reasonable notice of a hearing or an opportunity to be heard. All we have is Gold's allegation that, in some form, a request for the higher benefits was filed by him.

254

it is ordered that the Preliminary Objections filed by the Department of Public Instruction, Commonwealth of Pennsylvania Public School Employes' Retirement Board are hereby sustained and the Petition for Declaratory Judgment is hereby dismissed.