Commonwealth of Pennsylvania, Department of Environmental Resources, Petitioner *v.* Wheeling-Pittsburgh Steel Corporation, Respondent.

Submitted on briefs, August 27, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas M. Burke,* Special Assistant Attorney General, for petitioner.

*Paul A. Manion,* with him *Reed, Smith, Shaw & McClay,* and, of counsel, *George Raynovich, Jr.,* for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, December 10, 1975:

This matter is before us on a petition for enforcement of an administrative order brought by Department of Environmental Resources (DER).

In June 1972, respondent, Wheeling-Pittsburgh Steel Corporation, applied for a variance from minimum standards relating to particulate matter emissions into the atmosphere as established by DER regulations, 25 Pa. Code §§123.13, 123.41. The variance sought an extension until April 30, 1973, of the time for compliance with the standards set in the aforementioned regulations as applied to respondent's sintering plant in Monessen, Westmoreland County.

As a result of the variance request, DER issued an order on September 25, 1972, granting respondent a variance from the required standards until April 30, 1973. Respondent did not appeal this order.

On April 15, 1975, DER initiated enforcement proceedings in this Court pursuant to the Air Pollution Control Act, Act of January 8, 1960, P. L. (1959) 2119, *as amended,* 35 P. S. §4010, alleging that respondent had not complied with the order.

Respondent filed an answer containing new matter to the DER petition, which new matter raises several legal issues requiring resolution prior to evidentiary hearings on the merits of the petition. Those issues as framed by our Order of July 1, 1975, follow:

(a) May defendant (respondent herein) in this proceedings attack DER Regulations 123.13 and 123.41 as invalid and unenforceable;

(b) May defendant in this proceedings attack the DER order of September 25, 1972, as invalid and unenforceable;

(c) Is defendant, as a matter of law, entitled to a jury trial in this proceedings (i) by reason of the nature of the proceedings itself, or (ii) by reason of defendant invoking declaratory judgment relief in its answer to the petition for enforcement.

As to the issues of whether respondent can here attack DER Regulations 123.13 and 123.41 or its order of September 25, 1972, respondent has dealt with both issues in a single argument, and DER has used similar rationale and authority in supporting its position on these two questions. In view of the parties' treatment of these two issues, we will dispose of them together.

Respondent has cited the case of *Department of Environmental Resources v. Pennsylvania Power Company*, 12 Pa. Commonwealth Ct. 212, 316 A.2d 96 (1974), *aff'd*, Pa. , 337 A.2d 823 (1975), which recognized impossibility of compliance as a defense in a contempt proceedings resulting from an unappealed DER order. At this point, however, we are concerned only with the validity of the order and regulations involved, not compliance. Other language in our opinion in that case is most appropriate, however, to the issue at hand:

> "A review of that procedure causes us to be very critical of the failure of PPC to contest the possibility of performance by way of an appeal from any of the DER orders. . . . The failure to take the administrative procedural protections available to a citizen from an order of a regulatory agency is not to be condoned." *Department of Environmental Resources v. Pennsylvania Power Company, supra,* 12 Pa. Commonwealth Ct. at 221, 316 A.2d at 101.

Respondent also stresses in its argument that it was not "aggrieved" by the order of September 25, 1972, because at that time it did not believe compliance would present any difficulty; therefore, respondent contends that no reason for an appeal was then indicated.

We disagree. As a result of the DER order of September 25, 1972, respondent was "aggrieved" within the meaning of the Act, 35 P. S. §4004 (4.1). A party is "aggrieved" when there has been an "imposition upon a party of a burden or obligation." *Black's Law Dictionary* 87 (rev. 4th ed. 1968). Here, respondent had an obligation to comply with DER's regulations by April 1973, and to do so, obviously placed a burden upon respondent, which arose as of September 25, 1972.

Respondent further argues that since the Act employs the words "may appeal," it is not mandatory to follow that procedure. We agree that an aggrieved party has no duty to appeal but disagree that upon failure to do so, the party so aggrieved preserves to some indefinite future time in some indefinite future proceedings the right to contest an unappealed order. To conclude otherwise, would postpone indefinitely the vitality of administrative orders and frustrate the orderly operations of administrative law. This principle was expressed in *Philadelphia v. Sam Bobman Department Store Company*, 189 Pa. Superior Ct. 72, 78, 149 A.2d 518, 521 (1959), in which Judge WOODSIDE stated:

> "It is settled both under common law and statute that where an act creates a right or liability or imposes a duty and prescribes a particular remedy for its enforcement such remedy is exclusive and must be strictly pursued. This means that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by his statutory remedy.
>
> . . . .
>
> ". . . This is particularly true of special statutory appeals from the action of administrative bodies." (Citations omitted.)

Similarly, in *St. Joe Minerals Corporation v. Goddard*, 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974), in

the context of the availability of equity jurisdiction to attack an administrative order, we found the right of appeal by the person against whom a DER order was issued constituted an adequate remedy at law, thus echoing the long standing judicial view that administrative resolution of technical issues followed by Environmental Hearing Board review and judicial review thereafter is the preferred and proper procedure. Here, such preferred procedure would likewise be frustrated.

In *Standard Lime and Refractories Company v. Department of Environmental Resources*, 2 Pa. Commonwealth Ct. 434, 279 A.2d 383 (1971), a case involving the same appeal provisions as applicable here, we held that a party who had not timely appealed a compliance order could, nevertheless, seek a hearing on the issue of compliance, but could not at such hearing question the validity of the abatement order; again denying the right to collaterally attack an order from which no appeal had been taken.

Cases involving other administrative agencies of this Commonwealth have long espoused this policy. *Commonwealth v. Lentz*, 353 Pa. 98, 44 A.2d 291 (1945) ; *Milk Maid Dairy Products, Inc. v. Pennsylvania Milk Control Commission*, 190 Pa. Superior Ct. 410, 154 A.2d 274 (1959).[1]

We conclude that respondent in this proceedings has no right to attack the DER order in question nor the validity of the regulations upon which it was predicated.

The question of respondent's right to trial by jury in this enforcement proceedings necessarily emanates from Article I, Section 6, of the Pennsylvania Constitution, which provides:

---

1. *Also see Erie Human Relations Commission v. Erie Insurance Exchange*, 12 Pa. Commonwealth Ct. 267, 315 A.2d 663 (1974), recently affirmed by the Supreme Court of Pennsylvania (No. 27 March Term, 1975, opinion filed November 26, 1975).

"Trial by jury shall be as heretofore, and the right thereof remain inviolate."

Our Supreme Court long has held that this language exists exclusively for the purpose of preserving jury trials as provided by common law.[2] *Van Swartow v. The Commonwealth,* 24 Pa. 131 (1854). It was not intended that the Constitution extend common law jury trial. *Schwab v. Miller,* 302 Pa. 507, 153 A. 731 (1931).

In an administrative matter, the dismissal of a teacher, the Supreme Court refused a demand for a jury trial based on the proposition that no right to jury trial existed prior to the Constitution, so none existed when the relevant statute did not so provide. *Watson Appeal,* 377 Pa. 495, 105 A.2d 576 (1954), *cert. denied,* 348 U.S. 879 (1954), *rehearing denied,* 348 U.S. 922 (1955). The Superior Court utilized similar reasoning in *Pennsylvania Public Utility Commission v. W. J. Dillner Transfer Company,* 191 Pa. Superior Ct. 136, 155 A.2d 429 (1959), involving a cease and desist order. Even where a civil penalty was involved, the court reasoned that since the matters entrusted to the Public Utility Commission were nonexistent at the adoption of the Constitution, no right to jury trial ever existed which the Constitution could preserve. Such is the situation in this present case.

In short, we hold, consistent with earlier Pennsylvania decisions, that the constitutional right to a jury trial does not extend to respondent in this proceedings, which are wholly a creature of recent statutory law.

Nor do we believe that respondent creates in its favor a right to a jury trial simply because it seeks declaratory relief in its answer to DER's petition for enforcement. To allow a respondent to alter the essential nature of the proceedings and thereby obtain a jury trial is illogical and would create an anomalous situation detrimental to the orderly operation of administrative law.

---

2. Article IX, Section 6, of the Constitution of 1838 contained identical language.

Furthermore, the Uniform Declaratory Judgments Act, Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §836, forecloses its application in whole or in part to these proceedings. That statute provides:

"Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. . . ."

The Act with which we are here concerned provides a clear specific form of remedy for those affected by DER orders or regulations. *See Friestad v. Travelers Indemnity Company,* 452 Pa. 417, 306 A.2d 295 (1973), and this Court's refusal to allow declaratory relief to be the vehicle for bypassing administrative procedures in *Gold v. Department of Public Instruction,* 16 Pa. Commonwealth Ct. 247, 328 A.2d 559 (1974). Respondent is not entitled to a trial by jury in this proceedings.

### ORDER

NOW, December 10, 1975, in further proceedings upon the Commonwealth's petition for enforcement of its order of September 25, 1972, respondent shall not have the right to introduce evidence relevant to the issues of the validity of the order in question or the DER regulations upon which it was predicated; and respondent is denied a jury trial in this proceedings.