8

Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant *v.* Joseph Williams and Liefsta Development Corporation, Appellees.

Argued December 12, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Louis A. Naugle,* Assistant Attorney General, for appellant.

*Fremont J. McKenrick,* with him, *Bruce McKenrick, and S. R. DiFrancesco, Sr.,* for appellees.

Opinion by Judge MacPhail, February 19, 1981:

The Commonwealth of Pennsylvania, Department of Environmental Resources (DER) has filed this appeal from an order of the Court of Common Pleas of Cambria County that denied DER's motion for judgment on the pleadings in an equity action brought by DER to enforce administrative orders.

On August 15, 1977, DER, following an investigation by its field personnel, issued administrative orders[1] to Liefsta Development Corporation and Joseph Williams (Appellees). Appellees own an embankment known as Cresson Lake Dam, which spans Clearfield Creek in Allegheny and Cambria Counties. The administrative orders were issued pursuant to Section 5 of the Water Obstructions Act[2] and directed Appellees to submit a plan for breaching the dam which would be approved by DER prior to commencement of any work. The administrative orders were issued because DER found the Cresson Lake Dam to be in an unsafe condition and causing a present threat to the health and safety of property owners downstream.

DER's orders included clear notice that Appellees could file an appeal therefrom to the Environmental Hearing Board within thirty days of service of the orders. The administrative orders were served by

[1] Appellees insist that these administrative orders are "default judgments." We hasten to dispel this misconception. No default judgment has been taken by DER against the Appellees and the administrative orders are not, in any sense, a default judgment.

[2] Act of June 25, 1913, P.L. 555, *as amended, formerly* 32 P.S. 685, repealed by the Act of October 23, 1979, P.L. 204. A similar provision is now found in Section 14 of the Act of November 26, 1978, P.L. 1375, *as amended*, 32 P.S. §693.14.

Section 27 of the Dam Safety and Encroachments Act repealed absolutely the Act of June 25, 1913, but provided that any suit, prosecution or other action instituted to enforce any right or abate any nuisance would not be affected thereby. 32 P.S. §693.27.

certified mail, return receipt requested, and the record clearly shows that Appellees received them.

Appellees neither complied with nor filed any appeal from the administrative orders. On December 2, 1977, therefore, DER filed a complaint in equity seeking judicial enforcement of the administrative orders. Appellees filed an Answer and New Matter to the Complaint in Equity challenging the content and validity of the orders. DER filed its Reply to New Matter on January 9, 1978 and filed a Motion for Judgment on the Pleadings on July 19, 1978. By order dated January 19, 1979, the lower court denied DER's motion and directed that testimony be presented on the merits.

DER claims a right to appeal this clearly interlocutory order pursuant to Section 1 of the Act of April 18, 1874, P.L. 64, 12 P.S. §1097,[3] repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202.[4] In *Reading Company v. Development Company*, 407 Pa. 469, 181 A.2d 288 (1962), however, our Supreme Court stated unequivocally that Section 1 of the Act of April 18, 1874 has no application to actions in equity. The instant appeal must, therefore, be dismissed as an appeal from an interlocutory order.

Nevertheless, we deem it necessary to discuss some of the issues raised in this appeal for the guidance of the trial court in disposing of the case.

---

[3] Section 1 provides as follows:

In all actions now pending, or which may hereafter be brought, wherein, by act of assembly or rule of court, the plaintiff is entitled to ask for judgment for want of a sufficient affidavit of defense, and the court shall decide against his right to such judgment, plaintiff may except to such decision and take a writ of error to the supreme court.

[4] The repeal of Section 1 of the Act of April 18, 1874 was not effective until June 27, 1980. Section 4 of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §200.2(a)[633].

DER sought enforcement of its orders pursuant to Section 8 of the Water Obstructions Act,[5] which provided that the court of common pleas of any county, sitting in equity, could, by injunction, enforce compliance with an order made pursuant to the act. The courts of common pleas were not given the power to inquire into the merits underlying the orders.

Where, as here, there is a clear statutory remedy,[6] which is adequate, it is exclusive. 1 Pa. C. S. §1504. The court of common pleas sitting in equity clearly would not have had subject matter jurisdiction had the Appellees sought to collaterally attack DER's order in equity rather than filing an appeal before the Environmental Hearing Board. *Philadelphia v. Sam Bobman Department Store Co.*, 189 Pa. Superior Ct. 72, 149 A.2d 518 (1959). Neither the failure of Appellees to exercise their right of appeal nor the fact that DER has been constrained to seek enforcement of its orders in equity can alter this lack of subject matter jurisdiction over the facts underlying the orders.

It is clear that if Appellees had filed a timely appeal from the orders, all challenges raised in their answer and new matter could have been fully liti-

---

[5] Act of June 25, 1913, P.L. 555, *as amended, formerly* 32 P.S. §688, repealed by the Act of October 23, 1979, P.L. 204.

[6] Section 1921-A of the Administrative Agency Law, Act of April 9, 1929, P.L. 177, added by Section 20 of the Act of December 3, 1970, provides in pertinent part as follows:

(c) Anything in any law to the contrary notwithstanding, any action of the Department of Environmental Resources may be taken initially without regard to the Administrative Agency Law, but no such action shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board; provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified.

71 P.S. §510-21(c).

gated before an administrative body having expertise in the area in question. The failure of Appellees to appeal the DER orders has made those orders final and has foreclosed any attack on their contest or validity in the enforcement proceeding. *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976).

The finality of unappealed administrative orders and the reasons therefore have been adamantly upheld by this Court. In *Department of Environmental Resources v. Wheeling-Pittsburgh Steel*, 22 Pa. Commonwealth Ct. 280, 348 A.2d 765 (1975), *affirmed*, 473 Pa. 432, 375 A.2d 320 (1977), the late President Judge Bowman stated:

> We agree that an aggrieved party has no duty to appeal but disagree that upon failure to do so, the party aggrieved preserves to some indefinite future time in some indefinite future proceedings the right to contest an unappealed order. To conclude otherwise, would postpone indefinitely the vitality of administrative orders and frustrate the orderly operations of administrative law.

*Id.* at 284, 348 A.2d at 767.

It is clear, therefore, that the only issue properly before the lower court in the instant case is whether Appellees have complied with DER's orders since Appellees have waived any challenge to the contest or validity of those orders. *Derry Township, supra.*

ORDER

AND Now, this 19th day of February, 1981, the appeal of the Department of Environmental Resources is hereby quashed.