548 A.2d 672

James E. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

*Eugene E. Dice,* for petitioner.

*Kenneth T. Bowman,* Assistant Counsel, with him, *Zelda Curtiss,* Assistant Counsel, for respondent.

OPINION BY JUDGE SMITH, October 7, 1988:

Petitioner James E. Martin (Martin) appeals from the April 28, 1987 decision and order of the Environmental Hearing Board (Board) granting the Department of Environmental Resources' (DER) motion to dismiss Martin's appeal of a September 10, 1986 compliance order issued by DER. The decision of the Board is affirmed.

Questions presented for review are whether the Board improperly denied Martin's due process rights in dismissing his appeal without a hearing on the merits and whether the Board abused its discretion in refusing to consider Martin's defenses to the compliance order.

On September 10, 1986, DER issued its compliance order alleging that backfilling equipment needed to complete restoration of the affected surface coal mining site operated by Martin in Kittanning Township, Armstrong County, had been removed by Martin from the mining site. Martin was consequently cited for violation of 25 Pa. Code §87.141(d).[1] The order directed Martin to place backfilling equipment on the site for completion of the restoration and required him to use only operable equipment. Previously, on March 13, 1985, DER forfeited all of Martin's collateral and surety bonds on his property for failure to comply with an October 18, 1983 consent order and agreement between DER and Martin. The consent order required Martin to update erosion and sedimentation controls at the mining site by December 5, 1983.

---

[1] 25 Pa. Code §87.141(d) provides in pertinent part: Backfilling equipment needed to complete the restoration shall not be removed from the operation until all backfilling and leveling has been completed and approved in writing by the Department.

Martin appealed the September 10, 1986 compliance order asserting that notwithstanding his compliance with the 1983 consent order and his excused delay under the force majeure clause contained therein, DER illegally failed to renew his mining license.[2] Additionally, Martin claimed that the failure by DER to renew his mining license forced him to cease mining, whereupon he was rendered insolvent and unable to maintain the equipment at the mining site.[3] DER filed a motion to

---

[2] The force majeure clause in the 1983 consent order and agreement provided in pertinent part:

Martin will have additional time to carry out any obligation assumed herein, in the event Martin is obstructed or delayed in the commencement, implementation, or completion of any such obligation, other than any obstruction or delay caused in whole or in part by Martin or by Martin's failure to submit a complete plan or application under this Consent Order and Agreement, by any act or delay due to vandalism, acts of God, work slowdown or stoppage, strike, unavailability of materials or labor, any delay or defaults of third parties under contract with Martin with respect to the obligations undertaken hereunder, or because of any other cause beyond the control of Martin, which, despite due diligence, Martin is unable to prevent. Martin shall notify the Department by phone within five (5) days and in writing within ten (10) days of the date Martin becomes aware, or should have reasonably become aware, that such occurrence would cause delay or obstruction. . . .

[3] DER's letter to Martin dated January 4, 1984 states in pertinent part:

Your existing mining license, which was issued following the execution of the Consent Order expired December 31, 1983. Further mining may not take place on any of your mine sites until the license has been renewed. You are hereby informed that the Department intends not to reissue this license to you because of the above described violations. This action, and the proposed civil penalty assessment, described in Paragraph 2 above, entitles you to an informal conference if such a conference is requested

dismiss the appeal contending that Martin's force majeure claim was barred since the applicability of the force majeure clause had been previously adjudicated. The Board determined on April 10, 1986 that because of Martin's violation of the notice requirement, he was not entitled to relief under the force majeure clause of the consent order.[4] Following supplemental answer by Martin to the motion to dismiss, the Board, on April 28, 1987, granted DER's motion to dismiss. Martin thereafter appealed to this Court.[5]

Martin argues here that the Board denied him due process by improperly dismissing the appeal without a hearing on the merits thereby depriving him of an opportunity to establish that DER's illegal conduct forced him from the mining business. Moreover, Martin contends that the Board improperly applied the doctrine of collateral estoppel since the appeal issues pertained to DER's January 4, 1984 non-appealable letter rather than the Board's April 10, 1986 decision. In his answer to the motion to dismiss, Martin alleged, *inter alia,* that the Board's April 10, 1986 order was not conclusive since the force majeure claims presented to the Board involved different permit areas and different facts. Prior to its April 28, 1987 order, the Board directed Martin to specify with particularity which permit areas and facts were different from those previously adjudicated by the

---

in writing within 15 days of the date of this letter. This letter does not constitute a final action of the Department.

[4] Applicability of the force majeure clause is currently on appeal before this Court at *Martin v. Department of Environmental Resources* (No. 1354 C.D. 1986, filed October 7, 1988).

[5] This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether any necessary findings were unsupported by substantial evidence. *Haycock Township v. Department of Environmental Resources,* 108 Pa. Commonwealth Ct. 466, 530 A.2d 514 (1987).

Board. Martin failed to respond to the Board's direction to substantiate why the doctrine of collateral estoppel did not bar his claims. He instead raised a new defense under the doctrine of election of remedies.

DER argues that non-renewal of Martin's license became final not on January 4, 1984 but on May 7, 1984 and that Martin may not collaterally attack final action by DER in his appeal of the September 10, 1986 compliance order. Martin claimed in his appeal that the January 4, 1984 letter led to his insolvency resulting in his inability to maintain equipment at the mining site. However, as argued by DER, that letter is not pertinent to a resolution of Martin's appeal. DER scheduled a conference concerning non-renewal of Martin's license for March 1, 1984. Martin requested that the conference be postponed until March 21, 1984 which was ultimately rescheduled for April 23, 1984. Martin's counsel notified DER on April 26, 1984 that Martin no longer wished to renew his license. Final action was taken by DER on May 7, 1984, when, acting upon his request, DER returned Martin's 1984 license application. No appeal was taken by Martin.

Martin's defense to DER's September 10, 1986 compliance order is that DER issued the January 4, 1984 letter in violation of the 1983 consent order force majeure provision and forced him out of business. Although given an opportunity, failure to appeal the DER action renders it final, and forecloses any attack on its content or validity in an enforcement proceeding. *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976); *Department of Environmental Resources v. Williams and Liefsta Development Corp.*, 57 Pa. Commonwealth Ct. 8, 425 A.2d 871 (1981). The Board therefore properly rejected Martin's appeal of the September 10, 1986 compliance order as an attempt, two years later, to revive the opportunity to contest the non-

renewal of his mining license. Board Opinion and Order of April 28, 1987, p. 2.[6] *See McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). Neither were Martin's due process rights to a hearing on the merits violated. Having failed to appeal, Martin's contest of DER's non-renewal of his license is foreclosed from further attack. *Derry Township*.

Martin finally argues that the bond forfeiture precluded entry of DER's subsequent compliance order under the doctrine of election of remedies. Under this doctrine, an administrative agency which is given a choice of means to act can elect to act through the issuance of an order. If it chooses to do so, then the administrative procedure and judicial review should be declared exclusive and other means of enforcement initially available to that administrative body are no longer available to it. *Department of Environmental Resources v. Leechburg Mining Co.*, 9 Pa. Commonwealth Ct. 297, 305 A.2d 764 (1973). Additionally, it has been held that DER's remedial powers can be either supportive or cumulative. *Commonwealth v. Coward*, 489 Pa. 327, 414 A.2d 91 (1980); 25 Pa. Code §86.185.

---

[6] Martin's argument that DER violated the sixty-day notice requirement of Section 1396.3a(b) of the Surface Mining Conservation and Reclamation Act, 52 P.S. §1396.3a(b) is without merit as well as rejected for mootness since Martin withdrew his request for license renewal. Moreover, Martin conceded in his brief that he did not deny that the equipment had been removed and also failed to rebut the collateral estoppel arguments presented by DER in its motion to dismiss. The Board therefore properly disposed of the motion without consideration of Martin's other defenses which attacked the prior DER action. Further, DER was not required to consider the reasonablenes of its actions or the social and economic impact of its action pursuant to mandatory regulation. *See Rochez Bros., Inc. v. Department of Environmental Resources*, 18 Pa. Commonwealth Ct. 137, 334 A.2d 790 (1975); 25 Pa. Code §86.211.

Nonetheless, the doctrine of election of remedies is inapplicable in this instance. The decision in *Leechburg Mining Co.*, relied upon by Martin, merely states that DER may not first elect an administrative route and later decide to proceed in equity. The bond forfeiture and the compliance order are both administrative remedies, and as such, supportive and cumulative. Thus, the bond forfeiture did not foreclose DER's subsequent compliance order. The Board therefore did not abuse its discretion in failing to consider Martin's defenses to the compliance order.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, this 7th day of October, 1988, the decision of the Board dated April 28, 1987 is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.