### DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner,

v.

### PETERS TOWNSHIP SANITARY AUTHORITY, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2000.
Decided Jan. 11, 2001.

---

Dennis A. Whitaker, Harrisburg, for petitioner.

Kevin J. Garber, Pittsburgh, for respondent.

Before COLINS, Judge,
PELLEGRINI, Judge, and NARICK,
Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Environmental Protection (DEP) appeals an order of the Environmental Hearing Board (Board) allowing additional interest expenses of Peters Township Sanitary Authority (PTSA) for 1994 to be claimed in 1997, as a cost to be subsidized under the "Contribution by Commonwealth to Costs of Abating Pollution Act" (Act 339).[1]

Act 339 provides an annual subsidy equal to two percent of the cost incurred in the acquisition and construction of publicly owned sewage treatment facilities. 35 P.S. § 701. An application for the subsidy is filed with DEP following completion of the construction setting forth the costs of construction, 25 Pa.Code § 103.22, including the interest that was incurred during construction. 25 Pa.Code §§ 103.32 and 103.36. Based upon the application, DEP determines the costs that are allowed, 25 Pa.Code § 103.24a, and pays 2% of those allowed costs annually, 25 Pa.Code § 103.22, over the life of the facility. Costs that were previously undeclared in the initial application may be added in a subsequent year, 25 Pa.Code § 103.28, but the recalculated subsidy payment is not retroactive, and the new amount is effective only toward future subsidy payments.

The matter presently before us involves PTSA's application in 1998 to claim the actual interest incurred during the construction that was unclaimed in its first application for the costs of its Brush Run expansion project filed in 1995. On January 10, 1995, PTSA, having completed the project, filed its application for subsidy under Act 339 (the 1994 application).[2] At

---

1. Act of August 20, 1953, P.L. 1217, *as amended,* 35 P.S. §§ 701–703, *repealed by,* Environmental Stewardship and Watershed Protection Act, Environmental Good Samaritan Act, Act of December 15, 1999, P.L. 949, 27 Pa.C.S. §§ 6101–8114. Act 339 remains in effect for those entities receiving subsidy payments as of the effective date of the repeal. 27 Pa.C.S. § 6109(a).

2. An application for subsidy for cost incurred in any given year is filed by February 1 of the following year. 25 Pa.Code § 103.23.

the time DEP set the allowable interest at 1.5%,[3] which was claimed by PTSA in its application. While the 1994 application was pending, the Board in the matter of *Department of Environmental Protection v. City of Philadelphia*, 1996 E.H.B. 47 (1996), where Philadelphia challenged DEP's setting of allowable interest at only 1.5%, held that actual interest was permitted to be claimed in the application. DEP nevertheless only allowed PTSA's claimed 1.5% interest cost, and no appeal was taken to challenge DEP's action.

Subsequently, we affirmed the Board's decision in *City of Philadelphia* insofar as it held that actual interest should be used in the calculation of the subsidy payment. *Department of Environmental Protection v. City of Philadelphia*, 692 A.2d 598 (Pa. Cmwlth.1997). On January 16, 1998, in light of our decision, PTSA filed an application for subsidy under Act 339 for the year 1997, claiming $162,175.97 in additional interest expenses incurred during construction of the Brush Run expansion (the 1997 application). The additional interest expense was based on 4.99% actual interest incurred during construction minus the 1.5% allowed in 1994 application. DEP disallowed the additional interest expense, and PTSA appealed to the Board.

■ DEP argued before the Board that the doctrine of administrative finality precluded PTSA from claiming interest above the 1.5% it claimed in the 1994 application because it did not appeal that award. PTSA asserted that administrative finality is inapplicable to its 1997 application, which is its first application for the un-claimed interest above the 1.5% initially approved. DEP responded that PTSA's claimed additional interest did not relate to any unclaimed cost of construction, but was merely additional interest on costs claimed in its 1994 application. The Board accepted PTSA's argument that administrative finality did not apply to its 1997 application and allowed the additional interest to be claimed. This appeal then followed.[4]

■ DEP contends that the Board erred in concluding that administrative finality did not apply, and asserts that because PTSA did not appeal from the 1.5% awarded, it is barred from claiming any additional interest incurred during construction. The doctrine of administrative finality precludes a collateral attack of an administrative action where the party aggrieved by that action foregoes his statutory appeal remedy. *Dithridge House Association v. Commonwealth, Department of Environmental Resources*, 116 Pa.Cmwlth. 24, 541 A.2d 827 (1988). The policy of administrative finality was expressed in *Commonwealth, Department of Environmental Resources v. Wheeling–Pittsburgh Steel Corp.*, 22 Pa.Cmwlth. 280, 348 A.2d 765, 767 (1975), *aff'd*, 473 Pa. 432, 375 A.2d 320 (1977), *cert. denied*, 434 U.S. 969, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977), where we stated:

> We agree that an aggrieved party has no duty to appeal but disagree that upon failure to do so, the party so aggrieved preserves to some indefinite future time in some indefinite future proceedings the right to contest an unappealed order. To conclude otherwise, would postpone indefinitely the vitality of administrative orders and frustrate the orderly operations of administrative law.

PTSA argues that administrative finality does not apply here because its 1997 application is the first application for an unclaimed cost of incremental interest. However, the administrative determination that DEP made in the 1994 application

---

3. As noted in *City of Philadelphia*, DEP acknowledged that it did not know where the 1.5% was derived from or the basis for it.

4. Our scope of review of a decision from the Board is whether the Board committed an error of law, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *City of Philadelphia*, 692 A.2d at 601.

was a limitation on the rate of interest during construction to 1.5%. What the 1997 application sought was to recalculate the rate of interest for construction at a different rate for future subsidy payments than determined by DEP when that determination was initially made in 1994. What PTSA is in effect doing by the 1997 application is seeking to have DEP revisit its final determination of its allowed interest during construction in the 1994 application; an action barred by the finality of DEP's decision on the 1994 application.

As in *City of Philadelphia*,[5] the administrative action that imposed a burden on PTSA by limiting its allowed interest and triggered its obligation to appeal was DEP's limiting the rate of interest during construction to 1.5% in the 1994 application. *See Dithridge House*, 541 A.2d 827; *Wheeling–Pittsburgh Steel Corp.*, 348 A.2d at 767. Once PTSA failed to appeal that determination, that rate of interest during construction became final. *See Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976).

Even if administrative finality applies, PTSA then argues that the exception in *Dithridge House* that an intervening change in the law, resulting in inequitable administration of the law, would permit its claim. *Dithridge House* involved a legislative amendment to the Public Bathing Law[6] that excluded condominium pools from permit requirements. We held that a prior denial of a permit could not preclude *Dithridge House* from arguing that the permit requirement no longer applied to it, noting that it would result in the inequitable situation where Dithridge House would need to obtain a permit where other similarly situated condomini-

um pools would not. However, this case is distinguishable from *Dithridge House* in that Dithridge House could not challenge the statutory permit requirement in its initial application, because such a claim was not cognizable until the legislative amendment. Here, however, PTSA could have, as did the City of Philadelphia, challenge DEP's use of the 1.5% interest in its 1994 application, since as noted in *City of Philadelphia*, it was DEP's impermissible limitation on interest that needed corrected, not the law.

Because the aggrieving administrative action was DEP's use of 1.5% interest on the 1994 application, and PTSA's obligation to challenge it arose when DEP applied it to the 1994 application, having not challenged it then, administrative finality bars PTSA's claim in 1997 that it is now entitled to payments based on actual interest. Since the allowed interest was determined in 1994, the Board erred in allowing the claimed additional interest as costs for the 1997 subsidy application, and accordingly the order of the Board is reversed.

### *ORDER*

AND NOW, this 11th day of January, 2001, the order of the Environmental Hearing Board entered March 23, 2000, at Docket Number 98–189–R, is reversed.

---

5. DEP raised a similar argument in *City of Philadelphia*. There we held that administrative finality was not at issue since no applications before us challenged a previous unappealed award of allowed interest. We pointed out that:

> The city did not challenge DEP's use of the 1.5% rate or request its actual interest expenses until 1989, the first year at issue in the present appeal, and it recognizes that it

has waived its right to challenge the 1.5% rate for pre–1989 decisions. Accordingly, the only subsidy applications at issue are for the years which the City did appeal. There are no unappealed orders before us.

*City of Philadelphia*, 692 A.2d at 604.

6. Act of June 23, 1931, P.L. 899, *as amended*, 35 P.S. §§ 672–680d.