**JOSEPH J. BRUNNER, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.

Decided March 14, 2005.

Howard J. Wein, Pittsburgh, for petitioner.

Susan M. Seighman, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

■■■■ This case involves Joseph J. Brunner Inc.'s (Brunner) petition for review of an order of the Environmental Hearing Board (EHB) wherein Brunner's use of foundry sand as alternate daily cover (ADC)[1] was found to be subject to the $4 per ton fee under 27 Pa.C.S. § 6301(a). The EHB further found that the exception in § 6301(b)(1) did not apply to the foundry sand Brunner uses for ADC. Summary Judgment was granted to the Pennsylvania Department of Environmental Protection (DEP), and Brunner's motion for summary judgment was denied. We reverse.[2]

At issue in this case is a question of statutory interpretation. The statute in question is 27 Pa.C.S. § 6301. Section 6301 was enacted in October of 2002 and provides in relevant part:

Disposal fee for municipal waste landfills

(a) Imposition: Except as otherwise provided in subsection (b), each operator of a municipal waste landfill shall pay ... a disposal fee of $4 per ton for all solid waste disposed of at the municipal waste landfill. The fee established in this section shall apply to process residue and nonprocessible waste from a resource recovery facility that is disposed of at the municipal waste landfill and is in addition to the fee established in section 701 of the Municipal Waste Planning, Recycling and Waste Reduction Act.

(b) Exceptions. The fee established under this section shall not apply to the following:

(1) Process residue and nonprocessible waste that is permitted for beneficial use or for use as alternate daily cover at a municipal waste landfill.

Brunner operates a municipal landfill in New Sewickley Township, Beaver County. Brunner paid the $4-per-ton fee for solid waste disposed of at its landfill, but did not include payment for the tons of foundry sand it used as ADC. DEP sent a written Notice of Deficiency to Brunner claiming payment was also due for the foundry sand used as ADC. Brunner timely appealed to the EHB averring that the foundry sand it uses as ADC was exempted from the fee under Section 6301(b)(1). Brunner paid the additional fee for the foundry sand under protest. The parties conducted discovery and stipulated to certain facts. Both parties further agreed that no trial would be necessary as this case is a question of statutory interpretation only and consequently filed cross-motions for summary judgment.

■■■■ DEP argues in its brief that the only exception to the $4-per-ton fee was for ADC that comes from a "resource recovery facility." Brunner's foundry sand came from Beaver Valley Alloy Foundry Company and now comes from Brighton Electric, neither of which is a resource recovery facility. DEP's position is based upon the relation of Section 6301 to Act

---

1. Alternate Daily Cover is placed over exposed solid waste at the end of each day and must meet certain performance standards. *See* 25 Pa.Code § 273.232.

2. This court's standard of review of a decision by the EHB is limited to determining whether the EHB committed an error of law, violated constitutional rights, or whether substantial evidence supports its findings of fact. *Bethenergy Mines, Inc. v. Department of Environmen-* *tal Protection,* 676 A.2d 711 (Pa.Cmwlth. 1996), *appeal denied,* 546 Pa. 668, 685 A.2d 547 (1996). "On appeal from the entry of summary judgment, the appellate court may reverse the EHB where there has been an error of law or a clear or manifest abuse of discretion." *Global Eco–Logical Services, Inc. v. Department of Environmental Protection,* 789 A.2d 789 (Pa.Cmwlth.2001).

101.[3] According to DEP, Section 6301(a) and (b) only make sense together if treated as though the phrase "a resource recovery facility" is inferred in Section 6301(b)(1) from Section 6301(a) and Act 101.

Brunner points out that the phrase "resource recovery facility" does not appear anywhere in Section 6301(b)(1) even though it is used in Section 6301(a) to state the general rule as to what waste will be subject to the fee. Brunner argues that while it is true that the statute is to be construed liberally so as to give full effect to the intent of the legislature,[4] it is going too far to add words that are not present as a means of interpreting those words which are present. This Court agrees.

The dissenting opinion from the EHB filed by Chief Judge Krancer makes a very good argument for why Brunner's interpretation of the language in the statute is best. Chief Judge Krancer demonstrates that the plain meaning of the words used by the legislature fit Brunner's use of foundry sand as ADC within the exception in Section 6301(b)(1). We agree with Chief Judge Krancer's analysis on this subject. Further, we find it even more pertinent for purposes of this opinion that the interpretation forwarded by DEP demands the reading in of words that are not found anywhere in the statute. Chief Judge Krancer also noted this fatal flaw and quoted the following sentence from the EHB's majority opinion in his dissent:

> The problem with the Department's interpretation is that it tends to add words that simply are not there. The statute says that the new fee shall not apply to process residue and nonprocessible waste that is used in defined ways. It

does *not* say process residue and non-processible waste from a "resource recovery facility."

Chief Judge Krancer, joined by Judge Renwand, Dissenting Opinion, p. 1 (emphasis in original).

This Court has consistently held that courts may not supply words omitted by the legislature as a means of interpreting a statute. *Presock v. Dept. of Military & Veterans Affairs*, 855 A.2d 928 (Pa. Cmwlth.2004); *Saw Creek Estates Community Ass'n. v. County of Pike*, 808 A.2d 322 (Pa.Cmwlth.2002) *affirmed*, — Pa. ——, 866 A.2d 260 (No. 29 MAP 2003, filed January 19, 2005); *Latella v. Unemployment Compensation Bd. of Review*, 74 Pa. Cmwlth. 14, 459 A.2d 464 (1983). To find in favor of DEP in this instance would most certainly cut against the well-established precedents of this Court. Indeed, it would violate the rules of statutory construction as promulgated by the legislature itself. 1 Pa.C.S. § 1921(b) states, "When the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." The wording of the statute is clear and free from ambiguity. The dispute arises where DEP feels that the statute does not include a phrase it thinks ought to have been included. This Court respectfully leaves such matters to the legislature. In fact, the General Assembly considered amending Section 6301(b)(1) to include the very phrase DEP is arguing should be read into the statute in this case. House Bill 2010, which was introduced on May 12, 2004 and referred to the Committee on Environmental Resources and Energy on the same day proposed that, among other sections, Section 6301(b)(1)

---

**3.** Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, *as amended*, 53 P.S. § 4000.101–400.1904.

**4.** 1 Pa.C.S. § 1928(c).

be amended to include the phrase from a "resource recovery facility." Based on all of the foregoing, we conclude that the General Assembly either meant to leave the phrase out of the Section 6301(b)(1) or that it was mistakenly left out. Either way this is a matter best left to the legislature to resolve.

Accordingly, we reverse the order of the EHB.

### ORDER

AND NOW, this 14th day of March 2005, the order of the Environmental Hearing Board is reversed.