**SENECA LANDFILL, INC., Petitioner**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

**Veolia ES Greentree Landfill, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent.**

**Pine Grove Landfill, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent.**

**Waste Management Disposal Services of Pennsylvania, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent (Three Cases).**

**Chambers Development Company, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent.**

**Waste Management of Pennsylvania, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent (Two Cases).**

**Laurel Highlands Landfill, Inc., Petitioner**

v.

**Department of Environmental Protection, Respondent.**

**Arden Landfill, Inc., Petitioner**

v.

**Department of Environmental**

Protection, Respondent.

Republic Services of Pennsylvania,
LLC, Petitioner

v.

Department of Environmental
Protection, Respondent.

Chrin Brothers, Inc., Petitioner

v.

Department of Environmental
Protection, Respondent.

USA Valley Facility, Inc., Petitioner

v.

Department of Environmental
Protection, Respondent.

USA South Hills Landfill,
Inc., Petitioner

v.

Department of Environmental
Protection, Respondent.

Waste Management Disposal Services
of Pennsylvania, Inc., Petitioner

v.

Department of Environmental
Protection, Respondent

Department of Environmental
Protection, Petitioner

v.

Veolia ES Greentree Landfill,
LLC, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 8, 2008.
Decided May 22, 2008.

Maryanne Starr Garber, Berwyn, for petitioners.

Howard J. Wein, Pittsburgh, for petitioner, Veolia ES Greentree Landfill, Inc.

Dennis A. Whitaker, Asst. Counsel and Susan M. Seighman, Asst. Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Petitioners, Seneca Landfill, Inc., Veolia ES Greentree Landfill, Inc., (Veolia), Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc., Chambers Development Company, Inc., Waste Management of Pennsylvania, Inc., Laurel Highlands Landfill, Inc., Arden Landfill, Inc., Republic Services of Pennsylvania, LLC, Chrin Brothers, Inc., USA Valley Facility, Inc., and USA South Hills Landfill, Inc., who are all landfill operators, petition for review from an order of the Environmental Hearing Board (Board), which denied Petitioners' motion for summary judgment and granted the motion for summary judgment filed by the Department of Environmental Protection (Department), thereby determining that, in accordance with Section 702(e) of the Municipal Waste Planning, Recycling and Waste Reduction Act (Act), the Department properly calculated the amount of refund owed to Petitioners.[1] The Department cross-petitions for review from a Board order which denied its motion for summary judgment and determined that the appeal filed by Veolia from a determination by the Department as to the amount of refund owed to Veolia, was timely. The orders of the Board are affirmed.

On June 29, 2002, the Pennsylvania General Assembly passed Act 90, effective July 9, 2002. In accordance with Act 90, 27 Pa.C.S. § 6301(a), municipal waste landfill operators were required to pay a disposal fee of $4.00 per ton for all solid waste disposed at the landfill, unless the solid waste fell within one of the enumerated exceptions. Section 6301(b)(1) exempts "process residue and nonprocessible waste that is permitted for beneficial use or for use as alternate daily cover at a municipal

waste landfill." The Department interpreted this exemption to only apply to process residue and nonprocessible waste from a resource recovery facility. The disposal fee was to be paid in the same manner prescribed in Chapter 7 of the Act. In accordance with Section 702(a) of the Act, 53 P.S. § 4000.702(a), the fee is to be paid quarterly on the twentieth day of April, July, October and January.

Thereafter, on March 14, 2005, this court decided the case of *Joseph J. Brunner, Inc. v. Department of Environmental Protection,* 869 A.2d 1172 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 584 Pa. 710, 885 A.2d 44 (2005), which addressed the exemption in 27 Pa.C.S. § 6301(b)(1). Brunner, an operator of a municipal landfill, had paid the $4.00 charge for solid waste disposed of at its landfill, but did not include payment for the tons of foundry sand it used as alternative daily cover (ADC), claiming it was exempt under 27 Pa.C.S. § 6301(b)(1). The Department sent a Notice of Deficiency to Brunner maintaining that the fee was due for the foundry sand used as ADC. Brunner appealed to the Board which granted summary judgment in favor of the Department concluding that Brunner's use of foundry sand as ADC was subject to the $4.00 fee.

On appeal, this court reversed. We concluded that contrary to the Board's determination, process residue and nonprocessible waste did not need to be generated by a resource recovery facility to qualify for the exception in 27 Pa.C.S. § 6301(b)(1). As such, the $4.00 fee was not owed on foundry sand used as ADC. Thereafter, the Department filed a petition for allowance of appeal with the Supreme Court, which was denied on September 8, 2005.

---

1. Act of July 28, 1988, P.L. 556, *as amended,* 53 P.S. § 4000.702(e).

The Department, during the time that its petition for allowance of appeal was pending before the Supreme Court, continued to collect the disputed $4.00 fee and placed the fees into an escrow account. After the Supreme Court denied the petition for review in *Brunner* on September 8, 2005, the Department sent an email to landfill operators on September 23, 2005, informing them that they should cease paying the $4.00 fee on solid waste used as ADC.

As a result of the *Brunner* litigation, Petitioners, who had paid the Act 90 fee on ADC used at their landfills since the effective date of Act 90, requested full refunds of the Act 90 fees paid. Petitioners filed petitions for refunds in accordance with Section 702(e) of the Act. Section 702(e) of the Act mandates that the Department refund to an operator the amount overpaid, together with interest. That section further provides, however, that "[n]o refund of the recycling fee shall be made unless the petition for the refund is filed with the department within six months of the date of the overpayment."

The Department, in December of 2005, granted refunds of Act 90 fees that were paid on ADC. The Department refunded all fees that landfill operators paid on solid waste used as ADC from March 14, 2005, the date of this court's decision in *Brunner*, regardless of whether or not the landfill operator filed a petition for refund in accordance with Section 702(e) of the Act. For those landfill operators who had filed a petition with the Department requesting a refund, the Department issued a refund dating back six months from the date of the request. Only Brunner, who appealed the Department's notice of deficiency, received a full refund of fees paid dating back to the effective date of Act 90.

Petitioners thereafter filed individual appeals to the Board challenging the sufficiency of the refunds. Because all of the appeals involved the same issue of law, i.e., whether the Department correctly interpreted the governing statutory refund provision, the appeals were consolidated. Both Petitioners and the Department filed motions for summary judgment.

The Board granted the Department's motion for summary judgment. The Board concluded that the six month period for filing a petition for refund began to run when Petitioners paid the fees. The Board determined that, in effect, there was a six month statute of limitations in which to obtain a refund and Petitioners should have requested a refund of their payments at the time they made such payments. Having done nothing, the Board concluded that Petitioners had no basis for now seeking a refund of fees from the beginning of the fee collection.

Moreover, the Board disagreed with Petitioners' argument that prior to this court's March 14, 2005 decision in *Brunner*, there existed no overpayment and, therefore, no right to a refund. According to the Board, the *Brunner* decision was a judicial interpretation of the law and did not create a right of action on the part of Petitioners that did not previously exist. The Board concluded that to say that Petitioners had no basis for requesting a refund until this court's ruling in *Brunner* was incorrect. Petitioners were aggrieved with each quarterly payment made and Petitioners failed to pursue the statutory remedy available.

The pertinent facts with respect to Veolia are as follows. On November 21, 2005, Veolia's counsel, on behalf of Veolia, submitted a petition for refund to the Department seeking a refund of all ADC fees paid since July, 2002. According to testimony, only a brief review of the petition was conducted by the Department officials.

On December 16, 2005, the Department sent letters to landfill operators that either filed petitions for refunds, received refunds or both. If a refund was due, the Department enclosed a check with the refund letter. All of the refund letters were sent directly to the landfills, including Veolia's. The letter and check sent to Veolia did not mention Veolia's petition.[2]

On January 31, 2006, Veolia's counsel transmitted a letter to Mr. Reisinger, a Department employee, to determine the status of Veolia's petition. In response, Mr. Reisinger informed counsel in an email that same day, that the Department's December 16, 2005 letter sent to Veolia, addressed "refunds of the $4.00 disposal fee paid on solid waste used as alternative daily cover." Counsel responded that the form letter sent on December 16, 2005, neither referenced nor responded to Veolia's petition. In a letter dated February 3, 2006, the Department notified Veolia, via its counsel, that the Department's December 16, 2005 letter, was intended to be the final action on Veolia's outstanding petition. On March 2, 2006, Veolia filed an appeal.

Before the Board, the Department argued that Veolia's appeal was untimely inasmuch as the December 16, 2005 check and letter served as a final action with respect to Veolia's petition for refund. The Board found, however, that the December 16 letter was not a final action on Veolia's petition. Specifically, the December 16 letter did not reference the petition. The Department began to calculate the refund it considered to be due Veolia be-

fore it received Veolia's petition and when the petition was received by the Department there was little or no discussion of it because it was considered to have no bearing on the refund to Veolia. The Board also observed that the December 16 letter and check was sent to Veolia and not to a specific individual at the landfill or to counsel.

■ The Board concluded that the December 16, 2005 letter was not a final action on Veolia's November 21, 2005 refund petition and that Veolia's March 2, 2006 appeal of the Department's January 31, 2006 email and February 3, 2006 letter, was timely and not barred by administrative finality. As such, the Board denied the Department's motion for summary judgment. This appeal followed.[3]

■ Before addressing the issue common to all Petitioners, we first concern ourselves with the determination of whether Veolia's appeal of the refund due was untimely because Veolia failed to appeal within thirty days of the Department's December 16, 2005 letter and check.

The Department argues that Veolia's appeal of the Department's decision on the refund due Veolia was filed out of time. It was untimely because Veolia never bothered to read the Department's December 16, 2005 letter until it was too late. Specifically, the letter was not actually read within the 30 day appeal period, and Veolia therefore cannot argue that its understanding of the letter resulted in its failure to file a timely appeal. Moreover, the

2. The check received by Veolia was for $500,000.00 less than it had requested in its petition.

3. Our review is limited to determining whether the Board committed an error of law, violated constitutional rights, or whether substantial evidence supports its findings. *Bethenergy Mines, Inc. v. Department of Environ-*

*mental Protection,* 676 A.2d 711 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 668, 685 A.2d 547 (1996). On appeal from the entry of summary judgment, an appellate court may reverse the Board where there has been an error of law or manifest abuse of discretion.

December 16, 2005 letter was meant to be a final action with respect to the refund owed Veolia.

█ In accordance with 25 Pa.Code § 1021.52, the "person to whom the action of the Department is directed or issued shall file its appeal to the Board within 30 days after it has received written notice of the action . . . ." The failure to timely appeal a Department action or adjudication to the Board is a jurisdictional defect. *Falcon Oil Company, Inc., v. Department of Environmental Resources*, 148 Pa. Cmwlth. 90, 609 A.2d 876 (1992).

Here, the Department's December 16, 2005 letter was received by Veolia on December 19. The letter contained a check for $94,000.00, with a notation that it was a refund of the $4.00 disposal fees on ADC. The letter also contained a paragraph notifying Veolia of its appeal right. Although such letter was not read by Veolia personnel until after the thirty day appeal period had passed, the Department claims that it is the receipt of the letter that controls the appeal period. Veolia cannot claim to be confused by the letter because Veolia failed to read it until after the thirty day appeal period had passed. We disagree.

Here, Veolia, through its counsel, in accordance with Section 702(e) of the Act, filed a petition for refund addressed to Mr. Reisinger, with copies to Mr. Beatty and Attorney Seighman. The December 16, 2005 communication by the Department, which was sent to Veolia does not mention or address Veolia's November 21, 2005, petition for refund. As such, it did not constitute a determination of Veolia's petition.

Although Department employees, Mr. Beatty and Mr. Reisinger testified that the Department undertook a global refund process by which it intended to resolve all issues that any landfill may have had with respect to refunds of disposal fees, the December 16, 2005 letter clearly did not address Veolia's specific petition for refund. Further, the Department's December 16, 2005 letter was not sent to any specific individual nor was it sent to Veolia's counsel.

The thirty day appeal period provided for in 25 Pa.Code § 1021.52 cannot be triggered in the absence of a final, appealable decision. The December 16, 2005 letter was not a final action on Veolia's petition inasmuch as it did not address the petition and, as such, the thirty day appeal period was not triggered. In addition, the doctrine of administrative finality is similarly only applicable to final, appealable actions. *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976). Here, the Board properly determined that Veolia's March 2, 2006 appeal of the Department's January 31, 2006 email and February 3, 2006 letter, was timely.

We now address the issue of whether the Board erred in concluding that the six month period for filing a petition for refund of Act 90 fees paid on ADC begins running upon payment of the fees.

Petitioners claim that this case involves a straightforward reading of Section 702(e) of the Act, which provides that:

Any operator that believes he has overpaid the disposal fee may file a petition for refund to the department. If the department determines that the operator has overpaid the fee, the department shall refund to the operator the amount due him, together with interest at a rate established pursuant to section 806.1 . . . [of] The Fiscal Code[4], from the date of

---

4. Act of April 9, 1929, P.L. 343, *as amended*, added by, Section 2 of the Act of April 8, 1982, P.L. 258, 72 P.S. § 806.1.

the overpayment. No refund of the recycling fee shall be made unless the petition for the refund is filed with the department *within six months of the date of overpayment.* (Emphasis added.)

Petitioners maintain that the six month period does not begin to run until an "overpayment" occurs. As such, Petitioners' payments did not become "overpayments" until this court in *Brunner* determined that the ADC used at landfills is not subject to the $4.00 fee. Because there was no overpayment until the *Brunner* determination, the six month period did not begin to run until then.

Petitioners note that when the words of a statute are clear and free from ambiguity, there is no need to engage in interpretation and the plain meaning of the statute must prevail. *Eagle Environmental, L.P. v. Department of Environmental Protection,* 833 A.2d 805 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* 578 Pa. 717, 854 A.2d 968 (2004). Here, the fact that the legislature used the term "overpayment" not "payment" cannot be ignored. Thus, the obligation to request a refund does not arise unless and until a payment is not legally due.

Petitioners observe that Section 806.1 of the Fiscal Code, which is specifically incorporated into Section 702(e) of the Act, defines "overpayment" as "any payment of tax which is determined in the manner provided by law not to be legally due."[5] Under such a definition, it is clear that "overpayment" means something entirely different that "payment" and that Petitioners' payments did not become overpayments until the *Brunner* decision. Petitioners note that even after the March 14,

2005 *Brunner* decision, the Department continued to collect fees on ADC and only ceased collecting the fees after the Supreme Court denied the petition for appeal. It was not until the courts finally decided that ADC was exempt from the Act 90 fee, that Petitioners' legal obligation to pay those fees was extinguished. Because Petitioners filed their petitions for refund within six months of these judicial pronouncements, they argue that they are entitled to a refund of the "overpayment."

■ Initially, we agree with the Department that Petitioners reliance on the Fiscal Code is misplaced. The reference to the Fiscal Code in the Act is with respect to interest calculations only. The procedure for obtaining refunds of the disposal fee is governed by the Act, not the Fiscal Code. As such, definitions contained within the Fiscal Code are irrelevant.

■ In this case, Petitioners, should have followed the statutory requirements of Section 702(e) of the Act. Specifically, believing that they had made an overpayment, Petitioners were required to file a petition for refund with the Department. As stated by the Board, Petitioners were aggrieved with each quarterly payment made, yet Petitioners failed to pursue the statutory remedy available, i.e., petitioning for refund. Petitioners' right of action, to file a petition for refund, did not occur with the *Brunner* decision, but with each payment made.

Moreover, although the Board determined that Petitioners waived their appeal rights, Petitioners claim that no such appeal rights or obligations are involved here. Petitioners maintain they had no obligation to pursue other options identi-

---

**5.** Petitioners acknowledge that Section 702(e) incorporates Section 806.1 of the Fiscal Code only with respect to the rate of interest to be charged on an overpayment and is thus not necessarily binding in any other respect. Nonetheless, Petitioners claim that the definition of "overpayment" contained therein is instructive.

fied by the Board, such as to pay the disputed fee and file a petition for refund and their failure to do so does not limit their right to a statutory refund under Section 702(e) of the Act. Although the first sentence of Section 702(e) allows an operator to file a petition if he believes an overpayment had been made, it is the last sentence which prescribes the time period in which the refund must be requested, i.e., within six months of the overpayment. Thus, when Petitioners "believed" the fees they were paying were "overpayments" is irrelevant as to whether the petitions were timely filed.

We agree with the Department, however, that Petitioners failed to follow the prescribed statutory remedy provided for in Section 702(e) and that they may not now seek through the instant appeal that which they could have pursued at an earlier opportunity. Section 1504 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504, provides that "[i]n all cases where a remedy is provided ... by any statute, the directions of the statute shall be strictly pursued...." As such, one who fails to exhaust available statutory remedies may not thereafter raise an issue which could have been and should have been raised in the proceeding afforded by the remedy. *Commonwealth v. Lentz*, 353 Pa. 98, 44 A.2d 291 (1945).

Here, Petitioners were aware of the *Brunner* litigation from its beginning and, in fact, provided financial support. As such, it is fair to infer that each time Petitioners made a quarterly payment of the disputed fee, they believed they were making an overpayment and, Section 702(e) provides, that "[a]ny operator who

believes that he has overpaid the disposal fee may file a petition for refund...." Petitioners were aggrieved with each quarterly payment that they made and Petitioners had a statutory remedy which they failed to pursue.

The Department claims that, in circumstances similar to these which involved Act 339, this court has held that an appellant's attempt to obtain an appeal from a subsequent subsidy application, which it could have and should have sought in an earlier Act 339 application, was barred.[6] Under Act 339, the Commonwealth provides an annual operating subsidy in an amount equal to two percent of the costs incurred for the acquisition and construction of publicly owned sewage treatment facilities. Among the items for which the Commonwealth provides a subsidy, is the cost of interest during construction of those facilities. If facilities constructed are eligible for subsidy, the actual construction, engineering, legal and financial costs for the facilities are established to determine the amount of total eligible Act 339 costs. A letter is sent to the applicant which details each of the categories of costs associated with the construction of the facilities.

In *Department of Environmental Protection v. City of Philadelphia*, 692 A.2d 598 (Pa.Cmwlth.1997), the City questioned the Department's decisions on the City's Act 339 application for the years 1989 through 1992, when the Department imposed a 1.5% limitation on interest expense eligible for subsidy under Act 339. This court agreed that the Department's 1.5% limitation was improper. For the years appealed, 1989–1992, this court determined that the actual cost, rather than the 1.5%

---

**6.** Act 339 is the popular name for the Contribution by Commonwealth to Costs Abating Pollution Act, Act of August 20, 1953, P.L. 1217, *as amended*, 35 P.S. §§ 701–703. Although Act 339 has been repealed by Act 68 of 1999, 27 Pa.C.S. §§ 6101–8814, the provisions of Act 339 remain in effect for those entities receiving payment as of the effective date of Act 68.

limitation imposed by the Department, should be used in calculating the amount of subsidy owed. This court further stated that the right to challenge the 1.5% rate for pre–1989 decisions was waived.

In *Department of Environmental Protection v. Peters Township Sanitary Authority*, 767 A.2d 601 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 566 Pa. 687, 784 A.2d 120 (2001), the Township asked for actual interest in its Act 339 application filed in 1997 and also asked for actual interest for an application submitted in 1994. This court agreed that the Department properly denied the request with respect to the 1994 application. This court stated that through its 1997 application, the Township was "seeking to have DEP revisit its final determination of its allowed interest during construction in the 1994 application; an action barred by the finality of DEP's decision on the 1994 application." *Peters Township Sanitary Authority*, 767 A.2d at 604.

The above cases which involve administrative finality are instructive. Petitioners were aggrieved with every quarterly payment made, yet they failed to avail themselves of the prescribed statutory remedy. The *Brunner* decision does not open the door for Petitioners to now go back and seek refunds for the monies paid prior to the decision.

■ The statute at issue provides that petitions for refunds may be filed within six months of overpayment. Even if there is ambiguity in the statute, the Department is charged with its enforcement and the Department's interpretation of the statute is reviewed under a strong deference standard. *Bethenergy Mines Inc. v. Department of Environmental Protection*, 676 A.2d 711 (Pa.Cmwlth.), *petition of allowance of appeal denied*, 546 Pa. 668, 685 A.2d 547 (1996). If both readings of a statute are reasonable, greater defer-

ence must be given to the administrative agency's interpretation. *Id.*

■ Further, *Brunner* may not be applied retroactively to those quarters where Petitioners failed to file refund petitions. New rules or decisions may be applied retroactively only to those cases pending at the time the new rule or decision is announced in which the issue was timely raised or preserved. *Blackwell v. State Ethics Commission*, 527 Pa. 172, 589 A.2d 1094 (1991).

■ Petitioners next argue that if this court were to accept the Board's analysis of Section 702(e), then at least some of the Petitioners are entitled to a full refund. Here, three of the Petitioners, Chambers Development Company, Inc., USA South Hills Landfill, Inc., and USA Valley Facility, Inc., received all of their ADC from United States Steel (USS) during the relevant time period. On January 23, 2003, USS filed a petition to intervene in the *Brunner* case, specifically objecting to the collection of the $4.00 fee on the ADC material being supplied by USS to these three landfills. Although the petition to intervene was denied, Petitioners claim that the filing of the petition put the Department on notice of the objection to the collection of the $4.00 fee on the materials supplied by USS. Because the petition to intervene was filed on January 23, 2003, the Department was put on notice of objections to the $4.00 fee and the three landfills should get refunds dating back to July 23, 2002.

We agree with the Department, however, that this issue is waived. At no time prior to this appeal did the three operators raise the issue that they are entitled to a full refund based on USS's involvement in *Brunner*. An issue not raised before an administrative agency is waived. *Belote v. State Harness Racing Commission*, 688

A.2d 264 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 548 Pa. 683, 699 A.2d 736 (1997).

In accordance with the above, the decision of the Board granting summary judgment in favor of the Department thereby determining that the Department properly calculated the amount of refund owed to Petitioners is affirmed. The decision of the Board granting summary judgment in favor of Veolia, thereby determining that the appeal filed by Veolia from a determination by the Department was timely, is also affirmed.

## ORDER

Now, May 22, 2008, the Order of the Environmental Hearing Board granting summary judgment in favor of the Department of Environmental Protection and thereby determining that it properly calculated refunds due Petitioners, is affirmed. The order of the Environmental Hearing Board denying the motion for summary judgment by the Department of Environmental Protection and thereby determining that the appeal filed by Veolia E.S. Greentree Landfill, Inc., was timely, is also affirmed.